MAYOR, ETC., OF CITY OF NEW YORK v. BRUNS.

(Supreme Court, Appellate Term.   June 6, 1898.)

SALE OF COAL—DELIVERY TICKET—RECOVERY OF PENALTY.
    In an action by a city to recover the penalty imposed by Laws 1897, c.
    174, § 3, for failure to accompany the delivery of coal with a delivery ticket,
    as required thereby, the fact that the defendant did deliver full weight is
    immaterial, and does not justify a dismissal of the complaint.

Appeal from Sixth district court.

Action by the mayor, aldermen, and commonalty of the city of
New York against William D. Bruns.   From a judgment dismissing
the complaint, plaintiff appeals.   Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and
GIEGERICH, JJ.

John Whalen, Corp. Counsel (Adrian T. Kiernan, of counsel), for
appellant.

W. D. Bruns, in pro. per.

BEEKMAN, P. J.   The undisputed evidence in the case demon-
strated that the defendant had incurred the penalty prescribed by
chapter 174 of the Laws of 1897 for a failure to accompany the de-
livery of a ton of coal with the delivery tickets which the statute
(section 3) requires to be given in such a case.   The justice dismissed
the complaint, largely on the ground that the defendant had deliv-
ered full weight, and that the mischief which the statute was in-
tended to prevent did not exist in this case.   It is hardly necessary
to say that the position thus taken was utterly untenable, and, if
sustained, would operate as a repeal of the statute.   The duty en-
joined is to deliver the tickets with the coal, and the penalty imposed
is not for a failure to deliver full weight, but for a neglect to fur-
nish the tickets.   The court has no power to suspend the operation
of a statute in an individual case because, upon the facts there dis-
closed, it may seem to be unfair or inequitable to enforce it.   The
plaintiff was absolutely entitled to judgment for a sum not exceeding
$50, to be determined by the justice; and it was therefore error to
dismiss the complaint, for which the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the ap-
pellant to abide the event.   All concur.