## John B. Barnett v. Martha J. Ruyle.

(Filed Feb. 8, 1900.)

1. Public Land—*Contest—Possession—Right of Prevailing Party.* Where two parties have been claimants to a tract of public land, and the adverse claims have been finally disposed of in the land department, and the successful claimant is permitted to make his homestead entry, such entryman then becomes entitled to the undisturbed possession of the tract as against the unsuccessful claimant, and the courts will, by mandatory injunction, when necessary, enforce his rights.

2. Trial—*Mandatory Injunction—Irrelevant Evidence—Error.* On the trial of a cause, it is error to permit proof of facts as a defense occurring subsequent to the making of the issues, and not relevant to any issue made by the pleadings; and although the case is tried to the court, such error will reverse the case where it is apparent that such irrelevant evidence influenced the judgment of the court in determining the cause.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, District Judge.*

*Ransom & Bailey*, for plaintiff in error.

*D. R. Widmer* and *S. H. Harris*, for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error, John B. Barnett, began his action in the district court of Kay county against the defendant in error, Martha J. Ruyle, for a mandatory injunction to restrain the defendant from occupying a tract of public land upon which he had a homestead entry. It was alleged in the petition that Barnett, Mrs. Ruyle and one McKinney were all claimants before the land department for the tract of land in controversy, and that after the trial of their joint contest in the local land office, appeal to the commissioner of the general land office, followed by an appeal to the secretary of the interior, and later, on motion for review, the land was finally awarded to Barnett, and he was allowed to make homestead entry thereof. That the defendant continued to use, occupy and cultivate a portion of the tract, and refused to vacate, although plaintiff had notified her to surrender the premises. It was further alleged that no proceedings were then pending in the land department, or any of its officers, between the plaintiff and the defendant for said tract.

The defendant answered, alleging that at one stage of the proceedings in the land department the land had been awarded to her, and before that decision was reversed, and while it was in force, she had, in good faith, sowed about forty acres of wheat on the tract, which was then growing, and she asked the court that she be

permitted to remain on the land long enough to harvest her grain.   The plaintiff replied by a general denial.

On these issues the cause was submitted to the court for trial, and it was uncontroverted that all the former contest proceedings had been finally disposed of; that the plaintiff was the entryman and in possession of a portion of the land, and that the title was still in the United States.   It was also shown that the defendant was residing upon and occupying a portion of the tract, and had refused to vacate or surrender possession. On this showing the plaintiff rested his case, and the defendant offered in evidence a contest affidavit, filed by Mrs. Ruyle against the entry of Barnett, in which she charges that he was disqualified from making a homestead entry by reason of having violated the president's proclamation opening the Cherokee Outlet to settlement.   This contest affidavit had been filed in the land office on the 6th day of August, 1898,—long after the issues in this case were closed, and no supplemental answer had ever been filed setting up such subsequent claim.

The plaintiff objected to the introduction of the contest affidavit for the reason that it was not material to any issue involved in the pleadings.   The court overruled the objection and admitted the affidavit in evidence.   The court then denied the mandatory injunction prayed for by plaintiff, and granted a temporary injunction restraining the defendant from occupying any of the tract except five acres where her house was located.

The court erred in admitting the contest affidavit in evidence under the issues made by the pleadings.   It

was not competent to support or contradict any averment in the pleadings. It is clear that the court based its judgment on this illegal proof, and for this reason the judgment must be reversed.

The questions presented by this case have been repeatedly decided by this court. One who has the homestead entry upon public land is entitled to the quiet and undisturbed possession as against all persons, except one claiming in good faith prior settlement on the tract. Mrs. Ruyle's contest, even if it had been competent to prove it, was one for a preference right only, and carries with it no right of possession as against the entryman. (*Reaves v. Oliver*, 3 Okla. 62; *Sproat v. Durland*, 2 Okla. 24; *Radebaugh v. Wolfe*, 5 Okla. 174; *Woodruff v. Wallace*, 3 Okla. 355; *Barnes v. Newton*, 5 Okla. 428.)

Under the issues and the proof submitted by plaintiff, he was entitled to the relief demanded, and for the error of the court in admitting improper evidence, the judgment must be reversed, and a new trial ordered.

Judgment reversed at costs of the defendant in error.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.