### CITY OF NEW YORK v. HEWITT.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. MUNICIPAL CORPORATIONS—ORDINANCES—STANDARD WEIGHTS.

An ordinance providing a penalty for any person using any weight, measure, etc., which shall not conform to a given standard, or which shall be out of order or incorrect, or shall not balance, is aimed at the use of such a defective weight, and not at an intentional alteration of it.

2. SAME—REASONABLENESS—PRESUMPTION.

A municipal ordinance providing a penalty for any one using an incorrect or defective weight or measure in weighing is presumed to be reasonable.

3. SAME—INTENT—NECESSITY OF PROOF.

Where an ordinance prescribes a penalty for the use of a false balance, without any requirement of proof of intent or guilty knowledge, such proof is not essential in an action to recover the penalty.

4. SAME—PENALTIES—ACTIONS TO RECOVER—NECESSITY OF IMPOSING.

Where an ordinance prescribed a penalty for the use of a false weight, the court could not, in an action by the city to recover the same, dispense with the imposition of the penalty, as a matter of grace, where the violation of the ordinance was proved.

Appeal from Municipal Court of New York.

Action by the city of New York against William H. Hewitt. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John J. Delany (Herman Stiefel, of counsel), for appellant.
William H. Hewitt, in pro. per.

JENKS, J. This is an appeal by the city of New York from a judgment of the Municipal Court dismissing the complaint in its action brought to recover a penalty for a violation of an ordinance in relation to the sealing and inspection of weights and measures in the city of New York, which reads as follows:

"If any person shall use in the city of New York, in weighing or measuring as aforesaid, any weight, measure, scale beam, patent balance, steelyard or other instrument, which shall not conform to such standard, or shall use in weighing, as aforesaid, any scale beam, patent balance, steelyard or other instrument, which shall be out of order or incorrect, or which shall not balance, he, she or they shall forfeit and pay for every such offense the sum of twenty-five ($25) dollars."

The uncontradicted testimony established that the defendant had in actual use a balance for weighing ice which, upon a test of 50 pounds, registered 60 pounds. The defendant testified that he had used the balance for a season or more, that he had never tested it, and that he had never used it after the inspection. The court dismissed the complaint. It is quite evident that the court did not thus adjudge upon the determination that the plaintiff had failed in its case, for the learned justice writes: "There does not appear to have been any intentional alteration of the scale in question, and therefore I do not wish to impose the penalty." Thus the court, in effect, says that it may impose the penalty, i. e., the plaintiff is entitled to recover, but

that the court does not give judgment for the plaintiff because the case does not show that there was any intentional alteration.

The judgment must be reversed. First, there is no question of alteration, whether intentional or unintentional, involved, for the statute is aimed at the use, in weighing, of a balance out of order or incorrect, or which shall not balance. Second, the ordinance is presumed to be reasonable. Mayor v. D. D., E. B. & B. R. R. Co., 133 N. Y. 104, 30 N. E. 563, 28 Am. St. Rep. 609. And the element of intent or willfulness of any kind is not in this case. As the penalty prescribed is founded upon the use of a false balance, without requirement of proof of intent or guilty knowledge, proof thereof is not essential. People v. Kibler, 106 N. Y. 321, 12 N. E. 795; People v. West, 106 N. Y. 293, 297, 12 N. E. 610, 60 Am. Rep. 452; People v. Schaeffer, 41 Hun, 23. The ordinance is aimed against him who, using the false balance, holds it out to be true by representing that it properly determines the price which he requires for the commodity. If, then, this judgment can be sustained at all, it must be upon the ground that the court may, as matter of benignity, suspend the operation of the statute against an individual. The court had no power of dispensation. Mayor v. Bruns, 23 Misc. Rep. 635, 51 N. Y. Supp. 1120. The judgment should be reversed, and a new trial ordered.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event. All concur.