## P. O. Cox et al. v. W. B. Thompson.

Decided January 11, 1905.

**1.—Civil Action—Penalty—Degree of Proof.**

In an action for the recovery of penalty on a liquor dealer's bond, plaintiff may recover upon preponderance of the evidence, and need not establish his case beyond a reasonable doubt.

**2.—Practice on Appeal—Sufficiency of Evidence.**

An objection to a judgment recovering on the bond of a liquor dealer, that he was not shown to be a licensed dealer, is not available on appeal where not raised in the trial court.

**3.—Liquor Dealer's Bond—Place of Business.**

Recovery may be had on a liquor dealer's bond though his application for license designates two places in which the business is to be conducted. But see application held not necessarily to describe two places.

**4.—Liquor Dealer's Bond—Constitutional Law.**

The law regulating dealers in intoxicating liquors, and requiring bonds of them, was not unconstitutional under the fourteenth amendment to the Federal Constitution. Douthit v. State, 97 Texas, 344.

Appeal from the District Court of Hamilton. Tried below before Hon. N. R. Lindsey.

*Dewey Langford* and *Orrick & Terrell,* for appellants.—This suit being for the recovery of a penalty, criminal in its nature and purpose, and not a civil suit for damages, the jury should have been instructed that the plaintiff could not recover on the preponderance of the evidence, but they must believe beyond a reasonable doubt the facts authorizing a recovery. Johnson v. Rolls, 97 Texas, 453, 79 S. W. Rep., 513; Texas & Pac. Ry. Co. v. Wood, 23 S. W. Rep., 744; Gulf, C. & S. F. Ry. Co. v. Dwyer, 84 Texas, 195; Texas & Pac. Ry. Co. v. Barnhart, 5 Texas Civ. App., 601, 23 S. W. Rep., 801; State v. Vinson, 23 S. W. Rep., 808; Ricker v. Roper, 35 Vt., 457, 86 Am. Dec., 646; Chaffee & Co. v. United States, 18 Wal., 517; Tompkins v. Butterfield, 25 Fed. Rep., 556; United States v. Shapleigh, 54 Fed. Rep., 126; Wisconsin v. Pelican Ins. Co., 127 U. S., 265; Boyd v. United States, 116 U. S., 616-637; Brokenbrough v. Spindle, 17 Grat., 45; Penal Code, arts. 1, 3, 53; 23 Cal., 472; 26 Ency. of Law (2d ed.), 658, 659.

It is error to submit to the jury an issue upon which there is no evidence, and to direct a finding for plaintiff if the jury finds the affirmative of the issue. Sayles' Stats., 5060 c, d, e; Green v. Southard, 94 Texas, 470; Southard v. Green, 59 S. W. Rep., 839; State v. Vinson, 23 S. W. Rep., 808.

In order for a party to recover a penalty upon a liquor dealer's bond, application must be made in accordance with law, stating the place the business is to be conducted. The bond must likewise be executed stating the (one) place at which the business is to be conducted, and the law also requires the license to be issued and to state the one place. Unless such is done, then the party is not a legally constituted retail liquor dealer, and no license can be issued for doing business at more than one

place, and if such is done, the license as well as the bond is void. Sayle's Civ. Stats., 5060c, 5060d, 5060e; Green v. Southard, 94 Texas, 470; Penal Code, arts. 411a, 411b; Southard v. Green, 59 S. W. Rep., 839.

No law enacted by the State can give to one class of citizens privileges not given to another class, while engaged in the same class of business, nor can it impose burdens, under the guise of classification for taxation, upon one class not imposed upon others engaged in the same business. Connolly v. Union Sewer Pipe Co., 13 Sup. Ct. Rep., 431; State v. Shippers' Comp. Co., 95 Texas, 603; State v. Bengsch, 70 S. W. Rep., 712-720.

Section 9 of the Act of 1893, page 177, is unconstitutional, in that it seeks to punish for acts and omissions which are not prohibited by any valid laws of this State, and thereby deprives a person of his property without due process of law. Sec. 19, Bill of Rights of the State of Texas; sec. 1, art. 14, Const. U. S.

*Main & Chesley,* for appellee.—The suit being based upon a civil obligation voluntarily entered into by the appellants—to wit, the bond of appellants—and being in form and in fact a civil action, will be controlled by civil procedure, though the object be to recover a penalty. Heiligmann v. Rose, 81 Texas, 222; Sparks v. Dawson, 47 Texas, 145; McWhorter v. State, 14 Texas Crim. App., 239; Sayles' Rev. Stats., 1897, arts. 5060g, 5060j; Black on Intoxicating Liquor, sec. 337; Hill v. Barnes, 82 Ill., 228; Lyon v. Fleahmann, 34 Ohio St., 151; Roberge v. Burnham, 124 Mass., 277; Am. & Eng. Ency. (2d ed.), vol. 11, p. 492; O'Connell v. O'Leary, 145 Mass., 311; Mead v. Husted, 52 Conn., 53; Hills v. Goodyear, 4 Lea, 233; Jones v. Greaves, 26 Ohio St., 2; Catasauqua Mfg. Co. v. Hopkins, 141 Pa. St., 30.

All of the conditions precedent to the issuance of the license having been shown to have been complied with, and appellant Cox having been shown to have actually engaged in the business of a liquor dealer, it will be presumed that the county clerk issued the license, and that the said Cox was doing business under and by virtue of said license.    Sayles' Stats., art. 5060g; Lucas v. Johnson, 64 S. W. Rep., 825; Earl v. State, 33 Texas Civ. App., 161, 76 S. W. Rep., 207; Olcott v. Gabert, 86 Texas, 121; Underhill v. Lockett, 20 Texas, 131; Brown v. Robertson, 28 Texas, 557; Williams v. Downes, 30 Texas, 52; Sloan v. Batte, 46 Texas, 216; Co. Litt., 2325; Best Ev., p. 337, sec. 300; Broom, Max., 944; Co. Litt., 6.

It is clear, from the reading of the entire application, that it was not made for the purpose of doing business in two separate places, but, assuming that it does, there is no law against making such an application, and a separate license issued for two separate and distinct places upon such an application would be legal.

The Legislature has the power to provide penalties for the commission of acts inhibited by the penal statutes, and when so provided they are cumulative, and in the interest of society it has a right to fix penalties for the commission of acts not punishable under the penal code for the purpose of repressing or preventing such act, and especially are such penalties recoverable when contracted for by a bond voluntarily entered into, and that, too, by a civil action, for the sums which the contracting

parties have agreed and bound themselves to pay. Goldsticker v. Ford, 62 Texas, 385; Bush v. The Republic, 1 Texas, 455; Simpson v. State, 10 Yerg., 525; Regina v. White, 20 Eng. Law & Eq., 587; Blatchley v. Moser, 15 Wend., 215; People v. Stevens, 13 Wend., 341.

There was no error in the judgment of the court in this case, as complained in appellant's fifteenth assignment of error, because the law requiring the execution of the bond is not repugnant to section 1 of article 14 of the Federal Constitution, nor to article 3 of the Bill of Rights of the State of Texas, in that it affords every man engaged in the same business equal protection of the law, and imposes on every person engaged in the same business like restrictions. Ex parte Bell, 24 Texas Crim. App., 428; Bell v. State, 28 Texas Crim. App., 96; Mutual Life Ins. Co. v. Blodgett, 8 Texas Civ. App., 45; American Sugar Ref. Co. v. State of Louisiana, 179 U. S., 89-91; Reymann Brew. Co. v. Brister, 179 U. S., 445, 446; Foster v. Kansas, 112 U. S., 205; Giozza v. Tiernan, 148 U. S., 657; Missouri P. Ry. Co. v. Mackey, 127 U. S., 205; Minneapolis R. R. Co. v. Herrick, 127 U. S., 210; Duncan v. Missouri, 152 U. S., 377; Walston v. Nevin, 128 U. S., 578; Columbus So. Ry. Co. v. Wright, 151 U. S., 470; Pittsburg, C., C. & St. L. Ry. Co. v. Backus, 154 U. S., 421; Santa Clara County v. Southern Pac. Ry. Co., 118 U. S., 394; Wurts v. Hoagland, 114 U. S., 606; Richmond, F. & P. Ry. Co. v. Richmond, 96 U. S., 521; Bartemeyer v. State of Iowa, 85 U. S., 129, 141.

KEY, Associate Justice.—This is a suit for the recovery of statutory penalties for breach of a liquor dealer's bond. P. O. Cox is the principal in the bond and the other defendants are sureties. The petition charges that the defendant Cox breached the bond by permitting W. W. Thompson, a minor, to enter and remain in his saloon on three separate occasions. The jury found these allegations true, and returned a verdict for the plaintiff for $3,000. Judgment was entered accordingly, and the defendants have appealed. These findings are amply supported by testimony, and are not challenged in this court.

The first assignment of error complains of the action of the court authorizing a verdict for the plaintiff upon a preponderance of testimony, the contention being that, as this is a penalty suit, the plaintiff rested under the duty of establishing his case beyond a reasonable doubt. It has been repeatedly held in this state that in all civil cases the jury should decide according to the preponderance of the evidence. (Sparks v. Dawson, 47 Texas, 145; Heiligmann v. Rose, 81 Texas, 222; Waters-Pierce Oil Co. v. State, 19 Texas Civ. App., 1.) It seems to us that the rule referred to is particularly applicable in this case, which is an action founded upon the breach of a written contract. The fact that the damages recoverable are fixed in amount by a statutory enactment, and are in fact a penalty, does not change the fact that the suit is based upon a written contract; and, such being the case, we see no reason why the plaintiff should be required to prove a breach of the contract by any higher degree of testimony than is required in any other suit founded upon a breach of contract.

The third, fourth and sixth assignments assail the verdict upon the

theory that there was no proof that P. O. Cox was a licensed liquor dealer, as alleged by the plaintiff. That objection was not urged against the verdict in the court below, and, for that reason, it can not be urged here.

Several objections are urged against the charge of the court, none of which is regarded as tenable. The charge was quite full, and submitted the case to the jury in as favorable a manner to the defendants as they were entitled to have it submitted.

The point is made that P. O. Cox's application for license to do business designated two places. The application described the place of business as "at number — J. A. Gamble Building, in the town of Hico, County of Hamilton, and part of lots numbers 11 and 12, in block number 3, division one." It does not seem to us that this description necessarily embraces two separate places of business. The Gamble building may have been located on parts of lots numbers 11 and 12, in block number 3, division one. But, if appellant's contention is correct, and the description does include two separate places, it does not follow that the plaintiff was not entitled to recover. In Green v. Southard, 94 Texas, 470, it was held that the bond of a liquor dealer is not invalid, and will support a recovery by one aggrieved by its infraction, though the license and the application therefor contain no designation of the particular house in which the business was to be conducted.

Numerous objections are urged against the validity of the statute requiring retail liquor dealers to give bond in the manner prescribed by the statute. These have all been considered, and are overruled. The most serious of these objections is the one which urges that the statute referred to is obnoxious to the fourteenth amendment to the Federal Constitution, as construed in Connolly v. Union Sewer Pipe Co., 184 U. S., 540, 13 Sup. Ct. Rep., 431. However, since this case was submitted, our Supreme Court has decided that identical question against the contention of appellants. (Douthit v. State, 97 Texas, 344.)

There are some other questions presented in appellants' brief, all of which have received due consideration, and are decided against appellants.

No reversible error has been shown, and the judgment is affirmed.

Writ of error refused.

*Affirmed.*