## JOHN H. ROBINSON, Respondent, v. JOHN SCHILTZ, Appellant.

**Kansas City Court of Appeals, January 11, 1909.**

1. **TRESPASS: Statute: Decisions.** The case of State ex rel. v. Stobie, 149 Mo. 14, and other cases are held to have no application to section 5473, Revised Statutes 1899.

2. **————: ————: Pleading: Instructions: Appellate Practice.** A statement on the trespass statute is held bad since it omits essential averments to show it was based on either clause of the section and is not sufficiently plain to be 'understood. *Held*, further, the case stated should be submitted to the jury in the instructions and on appeal the case tried should be submitted.

3. **————: ————: Penal: Remedial.** This statute is penal as well as remedial and should be construed with more strictness than an ordinary enactment for mere compensation.

4. **————: ————: Enclosure: Construction.** There is no liability if the fence interfered with leads into the trespasser's own enclosure or is a division fence between the trespasser and another since a statute that exonerates and condemns the same act should be construed in favor of exoneration.

5. **————: ————: Partition Fence: Gate: Tenant.** A gate in a division fence is a part of the fence and "the person owning the adjoining fields" covers and protects a tenant.

6. **————: ————: Civil Action: Evidence.** An action for throwing down a fence under the statute is a civil action and may be sustained by circumstantial evidence sufficient to convince the jury, and the jury is not required to believe the defendant guilty beyond a reasonable doubt.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

REVERSED AND REMANDED.

*Allen, Gabbert & Mitchell* and *Harry E. Rich* for appellant.

(1) Appellant's motion in arrest should have been sustained. Appellant saved every exception to the errors complained of in the motion in arrest by oral demurrer to the admission of testimony and by the demurrer to the evidence at the close of respondent's case and at the close of the whole case. The petition fails to state a cause of action. R. S. 1899, sec. 4573; Wilson v. Burton, 96 Mo. App. 686; Frederick v. Bruckner, 124 Mo. App. 31; Sperry v. Herd, 109 S. W. 76; State v. Reid, 125 Mo. 43. (2) The court erred in refusing plaintiff's instruction "A." (3) The court erred in modifying appellant's instruction 5. (4) The court erred in modifying instruction 4.

*J. N. Walker* and *W. H. Haynes* for respondent.

(1) This instruction tells the jury that it was the duty of the defendant to give the owner of the land (not the tenant, the respondent), six months' notice and that it devolved on the plaintiff to prove that it was not given to the owner of the land, before the tenant plaintiff could recover; and that they must so believe beyond a reasonable doubt. It is unnecessary to state that the court refused this instruction, it is wrong in all respects, the court however, gave it in a modified form; see No. 4, page 90 record; as the court gave it the word owner is changed to plaintiff and the words "beyond a reasonable doubt are omitted." Why should they not be? This is not a criminal prosecution. State ex rel. v. Stoble, 194 Mo. 96. (2) It is not necessary

under the statute for a tenant to plead and prove that notice was not given either to the owner of the land or the tenant; the tenant's right to recover is not grounded by the failure to give notice. The cases cited by appellant's counsel: Frederick v. Bruckner, 124 Mo. App. 31; Sperry v. Herd, 109 S. W. 76. Are not applicable to the case at bar, the facts are not in the least similar. (3) Appellant's counsel contend that section 4573 is a criminal statute and must be strictly construed. This contention is answered and decided to the contrary in a recent decision. State ex rel. v. Stoble, 194 Mo. 96.

ELLISON, J.—This action was instituted before a justice of the peace under section 4573, Revised Statutes 1899, to recover damages and the penalty prescribed by that section. There was a judgment for the plaintiff in the circuit court whence the cause was taken by appeal.

The statute upon which the action is based reads that "If any person shall voluntarily throw down or open any doors, bars, gates or fences, and leave the same open or down, other than those that lead into his own enclosure; or shall voluntarily throw down, open or remove any partition fence, without giving six months' written notice to the person owning the adjoining fields, if they are cultivated lands, he shall pay to the party injured the sum of five dollars, and double the amount of damages he shall sustain." We do not consider that the cases of State ex rel. v. Stobie, 194 Mo. 14, and Wilson v. Burton, 96 Mo. App. 687, have application to the present case.

The statement in the case filed with the justice was evidently hastily drawn. Words seem to be omitted which leave it an awkward recitation of plaintiff's grievance. Besides this, when read as an entire statement, it is not possible to tell whether it is based on the first

clause of the statute, relating to tearing down fences other than those that led into his own enclosure, or the second, relating to the tearing down a partition fence. And besides that, it is a bad statement under either clause, since it omits essential averments to show that it is lodged on the statute at all. And more than that, while the instructions seem to put the case to the jury on the idea that it is for tearing down a partition fence covered by the second clause, it is here sought to sustain the judgment on the idea that the case is bottomed on the first clause.

Manifestly in such situation, the judgment should not be permitted to stand. The case which may exist in plaintiff's behalf should be sufficiently and plainly stated as to be understood. Then the case stated should be tried and submitted to the jury. And, lastly, the case tried should be the one submitted here.

Since the case may be retried we will state our view of the two clauses of the statute. It is a penal statute as well as, in addition, remedial. Besides compensating the plaintiff it doubles the compensation and adds outright a penalty of five dollars. It should be construed with more degree of strictness than an ordinary law for mere compensation.

The first clause enacts that if any person throws down a fence other than one that leads into his own enclosure, he is liable to the party injured by the act. If the fence leads into his own enclosure, then, by the very terms of the statute, there is no liability. It matters not that the fence may *also* lead into the enclosure of another. When an act committed is affirmatively not within the terms of the statute, such statute cannot be made to apply to the accused by showing that such act is also within its provisions. Stated in another way, when the words of a statute exonerates and condemns the same act, it should be construed in favor of exoneration. This for the reason that it should be interpreted against the infliction of a penalty when such interpre-

tation can be as reasonably allowed as the contrary. Another reason for such view of this particular statute is that in a second clause provision is made for the act of tearing down a fence which leads into both enclosures,—thus, to great extent, relieving any doubt or necessity for a strained construction of the first clause.

The second clause disallows taking down a partition fence without first giving six months' written notice to "the person owning the adjoining fields." A gate was in the partition fence in this case and it would come within the phrase "partition fence." The phrase "the person owning the adjoining fields" should not be construed to mean only the owner of the land, as contended here. A tenant may own the field and he is within the meaning and protection of the statute.

We see no objection to an instruction which advises the jury that direct and affirmative evidence is not necessary to establish defendant's guilt. It may be shown by facts and circumstances which may be sufficient to convince the jury. Though for a penalty, the action is a civil action, and it is not necessary that the jury believe the defendant to be guilty beyond a reasonable doubt. The jury should find a verdict for the plaintiff if the evidence preponderates in his favor. An instruction requiring belief of defendant's guilt beyond a reasonable doubt, as in criminal cases, is therefore improper.

The judgment is reversed and the cause remanded. All concur.