CITY OF NEW YORK v. LEEF et al.

(Supreme Court, Appellate Term. April 8, 1911.)

1. MUNICIPAL CORPORATIONS (§ 670*)—STREETS—SIDEWALKS—OBSTRUCTIONS.
    New York City Code of Ordinances, § 219, enacted by the board of aldermen under Greater New York Charter (Laws 1901, c. 466) § 50, prohibits any person from obstructing a sidewalk, except as provided in section 262, without written permission from the borough president; and section 262 prohibits the placing of merchandise, etc., at a greater distance than three feet in front of a store, except goods being loaded or unloaded, and requires a free passageway for pedestrians. *Held*, that ob-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

structions must be reasonable with reference to the rights of the public, as well as necessary to the business of the person maintaining them, to be justified under the ordinances.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1446; Dec. Dig. § 670.*]

2. MUNICIPAL CORPORATIONS (§§ 120, 643*)—MUNICIPAL COURTS—POWER TO SUSPEND ORDINANCES.

The Municipal Court has no power to suspend the operation of the ordinances in a particular case; they having the force of law.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §§ 120, 643.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the City of New York against Charles Leef and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Archibald R. Watson (Herman Stiefel and James D. O'Sullivan, of counsel), for appellant.

Aaron J. Levy, for respondents.

SEABURY, J.   This action was brought by the plaintiff against the defendants to recover a penalty of $40 for violations of sections 219 and 262 of the Code of Ordinances of the City of New York, being a penalty of $5 for each specific act of obstructing the sidewalk in front of the defendants' place of business, No. 160–164 Attorney street, in the borough of Manhattan, with merchandise, consisting of barrels of apples, on the 23d, 29th, and 30th days of September, and on the 4th, 14th, 24th, and 29th days of October, 1910.  The provisions of the Code of Ordinances under which the plaintiff seeks to recover these penalties provide as follows:

"Sec. 219. No person shall incumber or obstruct any street, roadway or sidewalk which has been opened, regulated or graded, according to law, in the city of New York, with any article or thing whatsoever, except as provided in section 262 of these ordinances, without first having obtained written permission from the president of the borough in which such street, roadway or sidewalk is situated, under the penalty of five dollars for each offense, and a further penalty of five dollars for each day or part of a day such obstruction or incumbrance shall continue."

"Sec. 262. No person shall hang or place any goods, wares or merchandise, or suffer, maintain or permit the same to be hung or placed at any greater distance than three feet in front of his or her house, store or other building, and not to a greater height than five feet above the level of the sidewalk, except goods, wares or merchandise in process of loading, unloading, shipment or being received for shipment; but at all times there shall be maintained a free passageway for pedestrians in the center of the sidewalk. The penalty for a violation of this ordinance shall be five dollars for each day's offense."

The evidence makes it clear that the sidewalk in front of the defendant's place of business was a public street, used as such, in a congested portion of the city; that there were, upon the dates specified, a large number of barrels placed on the sidewalk so as to obstruct the street; that on some occasions there were as many as 50 barrels

placed upon the sidewalk; and that this obstruction extended to a greater distance than three feet from the front of the defendants' place of business.

The ordinances in question were enacted by the board of aldermen of the city of New York, pursuant to the authority conferred upon that body by section 50 of the Greater New York charter. The evidence establishes that the acts complained of constituted a violation of the ordinances quoted above. The obstruction of the street was not caused merely by the attempt to convey the barrels from the street to the defendants' place of business. Nor was there any evidence given on behalf of the defendants which justifies the inference that the use which the defendants attempted to make of the public street was reasonable with reference to the rights of the public in the street. [1] As was said in Callanan v. Gilman, 107 N. Y. 360, 365, 14 N. E. 264, 265, 1 Am. St. Rep. 831:

"It is not sufficient, however, that the obstructions are necessary with reference to the business of him who erects and maintains them. They must also be reasonable with reference to the rights of the public, who have interests in the street which may not be sacrificed or disregarded."

Nor is there anything in the record which justifies the conclusion that the place where the obstruction was maintained was a public market, designated as such under section 81 of the Revised Ordinances of the City of New York.

The evidence showing that the defendants have violated the ordinances in question was clear, and the court should have imposed the penalty prescribed by the ordinances. [2] Those ordinances had the force of law, and the court was without power to suspend their operation. As was said by Mr. Justice Jenks in City of New York v. Hewitt, 91 App. Div. 445, 86 N. Y. Supp. 832, the court could not, "as matter of benignity, suspend the operation of the ordinance against an individual. The court had no power of dispensation."

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.