CITY OF NEW YORK v. INTERNATIONAL PROVISION CO.

(Supreme Court, Appellate Division, Second Department.   April 28, 1911.)

1. WEIGHTS AND MEASURES (§ 10*)—ORDINANCES AGAINST INCORRECT SCALES.
     The defective, incorrect condition of scales, by reason of the dial facing customers being too fast, is not cured, so as to relieve the one using them from the penalty of the ordinance, by the dial facing the salesman being correct.
     [Ed. Note.—For other cases, see Weights and Measures, Dec. Dig. § 10.*]

2. WEIGHTS AND MEASURES (§ 11*)—ORDINANCES AGAINST INCORRECT SCALES —INTENTION.
     The intention or purpose of one in using incorrect scales is immaterial as regards his liability under the ordinance, imposing a penalty for using incorrect scales.
     [Ed. Note.—For other cases, see Weights and Measures, Dec. Dig. § 11.*]

3. WEIGHTS AND MEASURES (§ 11*)—ORDINANCES AGAINST INCORRECT SCALES —ACTION—EVIDENCE.
     The city, in an action for the penalty prescribed by ordinance for using incorrect scales, need not show that short weights were in fact given.
     [Ed. Note.—For other cases, see Weights and Measures, Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the City of New York against the International Provision Company.   From the judgment dismissing its complaint at the close of its case, in an action to recover a penalty, plaintiff appeals.   Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, RICH, and WOODWARD, JJ.

Martin H. Murphy and Herman Stiefel, for appellant.
Joseph B. Uniacke, for respondent.

RICH, J.   The defendant, the International Provision Company, on the 1st day of July, 1910, was engaged in business as wholesale and retail dealers in provisions, at No. 33 Degraw street, in the borough of Brooklyn.   On that day an inspection of its weights and measures disclosed that three of its scales used in its business were incorrect.

[1]   The officer who made the inspection was the only witness called upon the trial.   It appears from his evidence that two 300-pound scales used in defendant's wholesale department were each one-quarter of a pound fast—against the customer.   The inaccuracy of one of these scales was due to a faulty arrangement of the mechanism, while in the other it was caused by a piece of paper fitted in the pan.   In the retail department, a 24-pound scale having two dials, one facing the customer and the other the salesman, was also inaccurate.   The face to the customer was two ounces fast.   It is true that the register facing the salesman was accurate; but this did not cure its defective, incorrect condition.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The intention of the defendant in using this scale is immaterial. City of New York v. Hewitt, 91 App. Div. 445, 86 N. Y. Supp. 832. It may have been innocent, or it may have been for the purpose of inducing customers to think they were receiving a pound, when in fact the weight was but 14 ounces. The purpose is immaterial. We have only to deal with the undisputed fact that the scale was incorrect.

[3] Upon the trial respondent's counsel contended that it was incumbent upon the plaintiff to show that no allowance was made to the purchaser for the short weight, and the court in dismissing the complaint said:

"It is positively established that this scale has been deficient in weight thus far—that is, not up to the standard; but here is a proposition by the defense which is rather a novel proposition. I do not know whether that difference in weight was allowed to each customer."

The defendant was not charged with cheating its customers, and the burden was not upon the plaintiff to show that short weights were in fact given. The plaintiff was only required to show that the scales in use were incorrect, and this has been proven.

The judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event. All concur.

