HAMMETT *et al.* v. STATE.

No. 3188.   Opinion Filed May 12, 1914.

Rehearing Denied June 23, 1914.

(141 Pac. 419.)

1.   APPEAL AND ERROR—Weight of Evidence—Question for Jury.
Evidence examined, and held sufficient to establish the crime alleged by a preponderance of the evidence.

2.  **INTOXICATING LIQUORS**—Action for Penalty—Quantum of Proof. A request for an instruction that the crime alleged in the petition must be proved beyond a reasonable doubt is properly refused. All that is required of the state in civil actions for the recovery of a penalty under section 4191, Comp. Laws 1909 (Rev. Laws 1910, sec. 3619), is to prove the crime by a preponderance of the evidence.

3.  **SAME**—Evidence of Reputation—Admissibility. In a civil action for the recovery of a penalty, evidence of general reputation of the defendants as law-abiding citizens was inadmissible, and the court properly excluded such evidence.

4.  **EVIDENCE**—Conversations—Self-Serving Declarations. Conversations had by the defendants with third parties were not admissible, as they were self-serving declarations.

5.  **APPEAL AND ERROR**—Ground for Reversal—Discretionary Ruling. This court will not reverse a case on the ground that leading questions were asked, unless it is shown that there was a flagrant abuse of judicial discretion.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Jackson County;*
*Frank Matthews, Judge.*

Action by the state of Oklahoma against K. S. Hammett and another. Judgment for the plaintiff, and defendants bring error. Affirmed.

This is an action brought by the state of Oklahoma against K. S. Hammett and S. S. Kouri, for penalties for the violation of section 4191, Comp. Laws 1909 (Rev. Laws 1910, sec. 3619), wherein the plaintiff alleges a violation of said section for 66 days, and prays judgment for $1,000 for each day of such violation. The defendants filed an answer, admitting that they owned a two-thirds interest in the buildings, and a general denial of the other allegations of the petition; the cause was tried to a jury, and resulted in a verdict of $2,000 in favor of the state of Oklahoma. Motion for a new trial was filed and overruled and exceptions allowed, and the cause brought here for review.

*S. B. Garrett, S. J. Castleman,* and *I. C. Sprague,* for plaintiffs in error.

*M. L. Hankins* and *J. M. Williams,* for defendant in error.

Opinion by RITTENHOUSE, C. (after stating the facts as above). A demurrer was filed to the evidence offered by the plaintiff on the ground that there was not sufficient evidence to support the allegations of the petition, and that the evidence was indefinite and uncertain. We have examined the evidence and, while the evidence offered was not sufficient to prove the plaintiff's case beyond a reasonable doubt, yet the plaintiff has proven its case by a preponderance of the evidence, which, under the law, is sufficient. The weight and credit to be given the evidence was a question for the jury.

Exceptions were saved to the refusal of certain instructions requested by the plaintiffs in error, but this court is satisfied that the instructions given by the court below fully covered all the legal questions involved in the case; and it is therefore unnecessary to set out the several instructions complained of. The main question raised by the instructions refused is whether the plaintiff was required to prove its case "beyond a reasonable doubt," as in a criminal action, or by a "preponderance of the evidence," as in civil actions. We have given this phase of the question considerable thought, and have come to the conclusion that, where a penalty is sought to be recovered in a civil action, the great weight of modern authorities is in favor of the rule that it is sufficient to establish the existence of the crime by a preponderance of the evidence, and the state is not required to prove the crime in such civil action beyond a reasonable doubt.

In the case of *Stout v. State,* 36 Okla. 744, 130 Pac. 553, in a very able opinion written by Ames, C., the court held that an action to recover a penalty under section 4191, *supra,* was a civil action, and "governed by the rules of procedure in civil instead of criminal cases, and would not require evidence beyond a reasonable doubt to support it, or a unanimous verdict, or the other peculiar classes of protection which are thrown around those whose life or liberty was at stake." 30 Cyc. 1358, note; *Continental Insurance Co. v. Jachnichen,* 110 Ind. 59, 10 N. E. 636, 59 Am. Rep. 194; *People v. Briggs et al.,* 47 Hun (N. Y.) 266, affirmed 114 N. Y. 56, 20 N. E. 820; *Lowery v. Rowland et al.,* 104 Ala. 420, 16 South. 88; *Rogers v. Brooks,* 105 Ala.

549, 17 South. 97; *Louisville & Nashville R. Co. v. Hill et al.*, 115 Ala. 334, 22 South. 163; *Ruth v. City of Abingdon*, 80 Ill. 418; *Town of Lewiston v. Proctor et al.*, 27 Ill. 414; *Roberge v. Burnham*, 124 Mass. 277; *Robinson v. Schlitz*, 135 Mo. App. 32, 115 S. W. 472; *Cox v. Thompson*, 37 Tex. Civ. App. 607, 85 S. W. 34; 9 Enc. Ev. 751; 23 Cyc. 170; 17 Cyc. 761.

In the case of *People v. Briggs, supra,* the court said:

" 'There is no rule of law which requires the plaintiff in a civil action, when a judgment against the defendant may establish his guilt of a crime, to prove his case with the same certainty which is required in criminal prosecutions. Nothing more is required in such cases than a just preponderance of evidence, always giving the defendant the benefit of the presumption of innocence.' *Ferry Co. v. Moore*, 102 N. Y. 667, 6 N. E. 293, fully reported in 18 Abb. N. C. 106. The rule so stated is the proper one applicable to the measure of evidence in civil actions, and such seems to be the weight of authority. See cases collected in note to *Sprague v. Dodge*, 95 Am. Dec. 525."

The remaining question to be determined arises upon the exclusion of testimony offered by the plaintiffs in error. The assignments of error present three classes of testimony excluded: First, the evidence of the good character of the plaintiffs in error; second, the offer to show that they had served Frank Kennedy with a notice to vacate the premises in controversy on the ground that he was violating section 4191, *supra;* third, the offer to show that they had requested witness Aday to watch the premises and ascertain if liquor was being sold, and their direction to witness H. A. Steele to watch said premises and their offer to furnish a room for that purpose.

First. The defendants offered in evidence their general reputation as law-abiding citizens as a part of their defense. This the court excluded. The defendants' good character is not a proper subject of inquiry in an action for penalty for a violation of section 4191, *supra*. In the admission of evidence in an action of this character the court is governed by the rules of evidence in civil instead of criminal actions. To this rule there are one or two exceptions, but those exceptions are not involved in this action. The rule in England is:

"That in a direct prosecution for a crime, such evidence is admissible, but when the prosecution is not directly for the crime, but for the penalty, it is not"
—and this rule has been followed in nearly every state in the Union.

1 Greenleaf on Ev. sec. 54 (15th Ed.) lays down the rule that evidence of the general character of the defendant in a civil action for the recovery of a penalty for violation of the civil, police or revenue laws, is inadmissible. The same rule has been held in the following cases: *Fowler v. Aetna Fire Ins. Co.*, 6 Cow. (N. Y.) 673, 16 Am. Dec. 460; *Gebhart v. Burkett*, 57 Ind. 378, 26 Am. Rep. 61; *Porter v. Seiler*, 23 Pa. 424, 62 Am. Dec. 341; *Givens v. Bradley*, 3 Bibb (Ky.) 192, 6 Am. Dec. 646; *People v. Snyder*, 90 App. Div. 422, 86 N. Y. Supp. 415; *City of N. Y. v. Hewitt*, 91 App. Div. 445, 86 N. Y. 832; Wigmore on Evidence, vol. 1, sec. 64; *Simpson v. Westenberger*, 28 Kan. 756, 42 Am. Rep. 195; *Great Western Life Ins. Co. v. Sparks*, 38 Okla. 395, 132 Pac. 1092.

It is stated in 1 Whart. on Ev. sec. 47:

"Although, in criminal cases, good character may be proved by the defendant, as tending to substantiate the plea of not guilty, yet in civil suits such evidence has been held to be irrelevant. When the question comes whether the defendant has committed a crime, then, as a matter of indulgence to one whose life or liberty is at stake, good character, such as would make it improbable that he would have committed the crime in question, may be introduced among the elements from which the jurors are to make up their judgment. But whether it be because, in a civil issue between two private parties, both parties stand in this respect on the same footing, or whether it be because most civil suits grow out of, or may be supposed to grow out, of honest misconceptions of rights, English and American courts have agreed in holding that, so far as concerns the proof in civil issues, the character of either party is, as a rule, irrelevant."

Second. The plaintiffs in error offered to show in the trial below that they had served notice on Frank Kennedy to vacate the premises. The court excluded said testimony, which was error, as it was material, in the defense of said action, what the plaintiffs in error did to prohibit a further use of said premises,

after they were informed of the use of the same in violation of section 4191, *supra*. But the court reconsidered its former ruling, and permitted witness Kouri to testify as to what notice was served on Frank Kennedy to vacate said premises, and as there was no denial of this fact by the defendant in error, it stood as admitted in the trial of said cause and cured any error on this ground.

Third. It became material in the trial of this cause as to what effort the defendants put forth to ascertain if the premises were being used in violation of section 4191, *supra,* and in support of their defense they offered the conversations of the defendant Kouri with witnesses Steele and Aday, to show that the defendant Kouri had requested said witnesses to watch the premises in controversy and ascertain if the tenants were violating the liquor law. This testimony was properly refused. It is apparent that any act on the part of the defendants toward ascertaining if the tenant was selling liquor on said premises would be admissible; any act by the party requested to watch said premises would also be admissible; likewise the evidence of the source of his authority to watch said premises would be admissible. The conversation, however, in which defendant Kouri requested the witnesses to watch said premises would be self-serving and inadmissible.

Did the court err in allowing the state to propound leading and suggestive questions? The question complained of is, "Did you see any beer, whisky, or intoxicating liquors sold just prior to that time?" and several similar questions. While we do not approve of this manner of examination, yet it was within the judicial discretion of the trial court to allow or reject this manner of examination, and this court will not reverse a cause on the grounds mentioned. In the trial of a cause considerable discretion is left to the trial judge to regulate the examination of witnesses, and this court will not encroach upon the proper exercise of this discretion, unless there is a flagrant abuse of discretion, and we cannot say that there was an abuse in this instance.

In the case of the *State of Iowa v. Schilling,* 14 Iowa, 459, the court, in passing upon a similar case, held:

"A witness was asked this question: 'What have you seen by the way of intoxicating liquors being sold between the 1st day of July, 1860, to the 15th day of April, 1861, in that building?' This was objected to as leading, and the objection overruled. While the interrogatory is not framed in the most apt language, it is certainly not subject to the objection stated. It directs the attention of the witness, it is true, to a time, and this is not improper. But in no just sense can it be said to suggest the desired answer to the mind of the witness."

Therefore we are of opinion that the judgment of the district court should be affirmed.

By the Court: It is so ordered.