(90 Misc. Rep. 277)

### CITY OF NEW YORK v. 503 FIFTH AVENUE CO.

(Supreme Court, Appellate Term, First Department.    May 10, 1915.)

1. LICENSES ☞41—LICENSE ORDINANCE—VIOLATION—DEFENSE.

In an action for penalties for violating a city license ordinance, it was no defense that defendant had diligently endeavored to procure a license, but was delayed through the stupidity or laziness of employés in the license bureau.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 84–87; Dec. Dig. ☞41.]

2. LICENSES ☞7—ELECTRIC SIGN ORDINANCE—VALIDITY.

A license ordinance, providing that "no electric sign shall be maintained in the city of New York contrary to the provisions of this ordinance, under a penalty of $10 a day for each day or part of a day, the same shall be maintained," and also providing a plain and simple method of obtaining a license, was not open to the objection that it was unreasonable and its meaning not plain.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 7–15, 19; Dec. Dig. ☞7.]

Pendleton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the City of New York against the 503 Fifth Avenue Company. From judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Frank L. Polk, Corp. Counsel, of New York City (Herman Stiefel and A. Judson Hyatt, both of New York City, of counsel), for appellant.

Louis Gans, of New York City, for respondent.

SHEARN, J.  [1] In an action to recover penalties for violating a city ordinance requiring a license before certain acts may be lawfully done, it is no defense to show that the defendant diligently endeavored to procure a license, but was delayed through the stupidity or laziness of employés in the license bureau. If such a "defense" may prevail, the city ordinances are so much waste paper. With a valid ordinance such as this, the only issue in a suit for a penalty is whether the ordinance was violated.

[2] This electric sign ordinance is reasonable and perfectly plain. It provides that:

"No electric sign shall be maintained in the city of New York contrary to the provisions of this ordinance under a penalty of $10 a day for each day or part of a day the same shall be so maintained."

It provides a plain and simple method of obtaining a license. The ordinance was approved July 24, 1912, the sign then existing, and defendant's application for a license is dated September 26, 1913, and was issued September 29, 1913. The comment of the Appellate Division

in City of New York v. Hewitt, 91 App. Div. 446, 86 N. Y. Supp. 833, is pertinent:

"If, then, this judgment can be sustained at all, it must be upon the ground that the court may, as matter of benignity, suspend the operation of the ordinance against an individual. The court had no power of dispensation."

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GUY, J., concurs.

PENDLETON, J. I dissent on the ground that that part of an ordinance which imposes from the adoption of the ordinance a per diem penalty on the maintenance, without a license, of all existing signs, previously duly authorized, irrespective of whether good, bad, or indifferent, or dangerous or not, before reasonable opportunity to acquire a license, is so unreasonable that it is invalid as an exercise of the police power. The unreasonableness is not to be determined by what has been, but what may be, done under it. City of Rochester v. West, 164 N. Y. 510, 514, 58 N. E. 673, 53 L. R. A. 548, 79 Am. St. Rep. 659.

Judgment should be affirmed, with costs.