### CUDJO v. SMITH et al.

No. 10021—Opinion Filed March 22, 1921.

(Syllabus.)

**1. Appeal and Error—Irrelevant Evidence —Admission of—Reversible Error.**

When it appears to this court that irrelevant evidence has been introduced over the objection of the opposing party, and such irrelevant evidence has influenced the trial judge in his decision, it is the duty of the appellate court to reverse such judgment, on the ground of the admission of irrelevant evidence.

**2. Appeal and Error—Review of Equity Case—Judgment—Evidence—Reversal.**

In an action invoking the equitable aid of the court to set aside a deed, where a motion for a new trial is filed setting up as one of the grounds that the judgment of the court is not supported by the evidence, such motion searches the entire record, and where it appears that the judgment is clearly against the weight of the evidence, such judgment will be reversed.

Error from District Court, Seminole County; Geo. C. Crump, Assigned Judge.

Action by Moty Cudjo, a Seminole freedman, against M. M. Smith and others to cancel certain deeds and quiet title to a part of his surplus allotment. Judgment for defendants, and plaintiff brings error. Reversed and remanded for a new trial.

C. W. Miller, United States Attorney, and Foster V. Phipps, Special Assistant United States Attorney, for plaintiff in error.

A. M. Fowler, J. W. Willmott, and R. J Roberts, for defendants in error.

MILLER, J. This is an action brought by Moty Cudjo, a Seminole freedman, as plaintiff, against M. M. Smith, D. Campbell, and W. E. McKennon, defendants, to cancel certain deeds to a part of his allotment and to quiet his title.

A jury was waived and the case was tried to the court, judgment rendered in favor of defendants, and plaintiff appeals.

For convenience the parties will be designated as they appeared in the court below.

The plaintiff in his petition alleges that he was a member and citizen of the Seminole Nation and Tribe of Indians in Oklahoma, that he was duly enrolled upon the final roll of citizens of the Five Civilized Tribes of Indians in Oklahoma, opposite Seminole Roll No. 2461; that there was allotted to this plaintiff as part of his distributive share of the lands of the said Seminole Tribe of Indians the following described lands, to wit: The west half of the northeast quarter and the west half of the east half of the northeast quarter of section 28, township 7 north, range 7 east of the Indian Base and Meridian in Seminole county, Oklahoma.

The plaintiff alleges that he has been the owner of and in the quiet and peaceable possession of the above described lands at all the times since said lands were allotted to him, and further alleges that the defendants claim some right, interest, or estate in said lands and that said claim is based upon a warranty deed (executed and delivered by the plaintiff on the 16th day of May, 1906, which deed purported to convey said property to one M. M. Smith; he also sets out a deed from M. M. Smith conveying said land to D. Campbell and another deed from D. Campbell conveying an undivided one-half interest in said land to W. E. McKennon. (The acknowledgment of M. M. Smith to the deed of D. Campbell was taken by Geo. C. Crump as notary public; this case was tried before Geo. C. Crump as district judge.)

The plaintiff further alleges that on the 16th day of May, 1906, the date of the execution and delivery of the deed from plaintiff to M. M. Smith, this plaintiff was a minor under the age of 21 years, therefore said deed did not pass title from this plaintiff to defendant Smith, and that all subsequent transfers were therefore void. The plaintiff asks to have each of said deeds canceled and his title quieted to said land.

Defendant D. Campbell filed a separate answer and cross-petition, denying the minority of Moty Cudjo, and asked that his title to an undivided one-half interest be quieted in him. He did not ask to recover either rents, profits, or damages because he had been kept out of possession of said premises.

Defendant W. E. McKennon departed this life before the case was tried; the action was duly revived in the name of his heirs, Mrs. W. E. McKennon, Mrs. Edwin F. Campbell, and Mrs. Lena McKennon Towler. These defendants joined in an answer and cross-petition, alleging that Moty Cudjo had reached his majority on the 16th day of May, 1906, and in their cross-petition ask that the title to their respective interests be quieted in them. In their cross-petition they say that the reasonable rental value of the land in controversy is $100 per year and, by reason of the plaintiff appropriating the rents and profits, these answering defendants have been damaged in the sum of $250, and they ask to recover their undivided one-half interest in the lands and $250 as their damages.

This case was tried on the 22nd day of November, 1917. At the beginning of the trial of the case the parties entered into the following stipulation in open court:

"It is hereby stipulated and agreed by and between the parties hereto that the land in controversy was the surplus allotment of Moty Cudjo.

"It is further stipulated and agreed by and between the parties hereto that all instruments mentioned or referred to in the pleadings, both for the plaintiff and the defendants, are by the parties and the court considered in evidence and no further proof or offer of same is necessary.

"It is further stipulated and agreed by and between the parties hereto that the question decisive of this case is whether or not the allottee, Moty Cudjo, was a minor at the time he made the deed described in plaintiff's petition to M. M. Smith. If the court finds that Moty Cudjo was a minor at that time, judgment will be rendered for the plaintiff canceling all conveyances attacking the title to said land, and if Moty Cudjo was an adult at the time he executed the deed to M. M. Smith on the 16th day of November, 1906, title to the land in controversy shall be quieted in the defendants as per the conveyances."

Under this stipulation the issue to be tried by the court was narrowed down to one question of fact: Was Moty Cudjo 21 years old on the 16th day of May, 1906?

It may be noticed that the stipulation recites the month of November, but this is clearly an error, for all of the pleadings and all of the evidence are directed at the month of May, 1906.

The testimony of the plaintiff was to the effect that he was born November, 1885. He

had been in undisputed possession of this land for more than eleven years after he executed the deed above referred to; no attempt had been made by any one to obtain possession under the deed dated May 16, 1906. This action was instituted by himself for the purpose of quieting his title to said land.

The undisputed testimony of Moty Cudjo is that he told Bert Smith, who acted as the agent and purchaser for M. M. Smith, that he was not 21 years old and did not want to sign the deed, but that Bert Smith said that didn't make any difference.

Other witnesses testified that Moty Cudjo was born late in the fall, probably November, of 1885. Moty further testified that defendant Campbell tried in 1914 to get him to sign another deed, but that he refused to sign any more deeds.

Defendant D. Campbell testified in behalf of the defendants and was asked about the condition of the land and how much was in cultivation; these questions were objected to as incompetent, irrelevant, and immaterial and by the court sustained.

He was permitted to testify over the objections of the plaintiff as to the amount he paid for the land and as to the amount defendant W. E. McKennon paid for the land.

The plaintiff duly excepted to the ruling of the court and then made the following motion:

"The plaintiff moves that the testimony of D. Campbell be stricken from the record as incompetent, irrelevant and immaterial."

"By the Court:

"Let it stay in for the purpose of showing the interest of the witness as to his credibility." ·

It was not necessary to introduce evidence to show the interest of witness D. Campbell. The deeds were in evidence under the stipulation, and the testimony of D. Campbell did not tend to prove either interest in the land or interest in the result of the action. His credibility was not questioned, and could not be questioned on incompetent and irrelevant testimony. He did not testify to anything that was competent or relevant; therefore, the question of his credibility was wholly immaterial.

On petition for rehearing counsel for defendants in error insist that the testimony of D. Campbell was competent for the reason that defendants Mrs. W. E. McKennon, Mrs. Lena McKennon Towler, and Mrs. E. F. Campbell asked in their cross-petition for damages in the sum of $250. They say the

trial of this case was not limited to the age of Moty Cudjo at the time of making the deed, because they had asked for damages. The record does not disclose that defendants offered any evidence at the trial to prove either damages or rental value of this land. The court did not award either rents or damages in the judgment rendered, yet defendants did not, by motion or otherwise, call attention to this as an issue to be decided by the trial court in this case. It is clear to us that damages were not considered an issue on the trial of the case, and counsel's contentions are wholly without merit.

It is settled that this court will not reverse a judgment of the trial court on account of the admission of incompetent or irrelevant evidence unless it clearly appears that the trial court was influenced by such incompetent or irrelevant evidence.

Any evidence about the character of this land or what it was reasonably worth or how much the defendants had paid M. M. Smith or D. Campbell was clearly irrelevant to the issue and could not in any way assist the court in determining the age of Moty Cudjo on May 16, 1906.

The only apparent object attorneys for defendants could have had, in seeking to elicit this information, was to show to the court that these defendants had parted with their money in payment for this land, that the court might thereby be influenced to give favorable consideration to defendants' claim. D. Campbell did not testify to anything that was material or relevant to the issues involved. The statement of the court that he would permit the evidence "to stay in for the purpose of showing the interest of the witness as to his credibility" clearly shows that the court considered this evidence, and in view of the scant and unsatisfactory testimony of the witness Billy Bowlegs, it must have influenced the trial judge in giving relief to the parties who had parted with their money.

This is an action to cancel a deed and is in its nature equitable. The fact that some of the defendants in their cross-petition asked for damages did not change its nature into an action at law. Plaintiff's motion for a new trial set up, among other grounds:

"(1) That said judgment is contrary to the evidence."

"(3) That said judgment is contrary to both law and the evidence."

"(7) That the judgment entered herein is not sustained by the evidence offered in said case."

In the case of Garber v. Hauser, 76 Okla. 292, 185 Pac. 436, it is said:

"A motion for a new trial challenging the judgment of the trial court in a nonjury case on the grounds that it is not supported by the evidence, searches the entire record, and where such judgment is clearly against the weight of the evidence, this court will set it aside."

The evidence examined in this case, and held, the judgment of the trial court is clearly against the weight of the evidence.

Another ground stated in the motion for a new trial is as follows:

"(4) The court permitted incompetent testimony to be given at the trial of this cause which was duly excepted to by the plaintiff at the time said testimony was offered."

When it appears to this court that incompetent evidence has been admitted over the objection of the opposing party, and such incompetent evidence has influenced the trial judge in his decision, it is the duty of the appellate court to reverse such judgment on the ground of the admission of incompetent evidence.

"On the trial of a cause, it is error to permit proof of facts as a defense, occurring subsequent to the making of the issues, and not relevant to any issue made by the pleadings; and although the case is tried to the court, such error will reverse the case where it is apparent that such irrelevant evidence influenced the judgment of the court in determining the cause." Barnett v. Ruyle, 9 Okla. 635, 60 Pac. 243.

"The court below permitted evidence, over the objection of the defendant, to the effect that the general reputation of the plaintiff for being a truthful and honest man was good. The reputation of the plaintiff had not been put in issue. The law presumed his good reputation, and in the trial of a civil case a party may not offer evidence to prove his good reputation until it is put in issue by the other party. This was held to be reversible error in the case of Great Western Life Insurance Co. v. Sparks, 38 Okla. 395, 132 Pac. 1092, 49 L. R. A. (N. S.) 724; and to the same effect is the case of Hammett v. State, 42 Okla. 384, 141 Pac. 419, Ann. Cas. 1916D, 1148." Wyrick v. Campbell, 67 Oklahoma, 170 Pac. 267.

In the case of Brison et al. v. McKellop, 41 Okla. 374, 138 Pac. 154, this court quotes approvingly from the case of Meek v. Daugherty, 21 Okla. 859, 97 Pac. 557, and says:

"The admission of incompetent and immaterial evidence that appears to have prejudiced the substantial rights of the party objecting to the admission thereof is reversible error."

The judgment of the trial court is reversed and the case remanded for a new trial.

HARRISON, C. J., and KANE, JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.