The People of the State of New York, Plaintiff in Error, v. The New York, New Haven and Hartford Railroad Company, Defendant in Error.

The construction by a railroad corporation, whose road crosses a highway below grade, of a bridge of less width than the highway is not *per se* a nuisance.

The duty of restoration of " the highway as near as may be to its former state, so as not to unnecessarily impair its usefulness," imposed by its charter (§ 5, chap. 195, Laws of 1846), upon the N. Y., N. H. & H. R. R. Co., does not absolutely require it, at such a crossing, to construct the bridge of the full width of the highway, the requirement is simply to so construct the bridge as, in view of the circumstances, not unnecessarily to impair the use of the highway.

pon the trial of an indictment against said corporation for alleged nuisance in constructing a bridge over its road for a highway, of less width than the highway, it appeared that the highway, when defendant's road was constructed, was owned by a turnpike company which, by its charter (Chap. 121, Laws of 1800), was required, where a bridge was necessary, to build it not less than sixteen feet wide. Defendant, prior to 1850, constructed its road across the highway below its surface, and built a bridge for the highway about sixteen feet wide ; this was replaced by a new one in 1852 or 1853 about nineteen and one-half feet wide; both were approved by the turnpike company. In 1879, after the rights of said company in the highway had been extinguished, defendant built the bridge in question which was twenty-four feet wide, with the roadway twenty-two and one-half feet in width, corresponding substantially with the width of the beaten track of the highway. The court charged that if the bridge obstructed or hindered the enjoyment of the public in the highway, it was a nuisance and defendant was guilty under the indictment; that the question was whether the bridge was so constructed " as not to impair the usefulness of the road and to interfere with the enjoyment or safety of the public." *Held* error.

(Submitted April 27, 1882 ; decided May 30, 1882.)

Error to the General Term of the Supreme Court, in the second judicial department, to review order made the second Monday of February, 1882, which reversed a judgment of the Court of Sessions, convicting the defendant in error of having created a public nuisance by encroaching upon a highway in the town of Rye, Westchester county.

The highway was four rods wide. Defendant's road crossed it by a cutting about twenty feet below the surface of the high-

way.   The act complained of was the construction of a bridge for the highway, twenty-four feet wide, with fences running from the sides of the highway to each end of the bridge.

The material facts are stated in the opinion.

*Keogh & Boothby* for plaintiff in error.   The court was right in admitting evidence of the width and condition of the road at the point in question, prior to 1846, when the railroad was put through.   (Laws of 1846, chap. 195, § 5.)   In requiring the railroad company to restore the road, etc., the whole road, including the foot-paths, was meant.   (Laws of 1800, chap. 121, § 6, p. 264; *Reg.* v. *The M. & L. R. R. Co.*, 2 Railway Cases, 711; *Judson* v. *N. Y., N. H. & H. R. R. Co.*, 29 Conn. 438–9; *Comm.* v. *King*, 13 Metc. 115.)   Any obstruction in any part of a highway is a nuisance if it inconveniences the public by curtailing their liberty to pass over any part of it.   (*Harrower* v. *Ritson*, 37 Barb. 303; " Law of Nuisance," by H. G. Wood, 237–244.)   It was immaterial, as to the guilt or innocence of the defendants, whether the road in question was a common highway or a turnpike road.   (*Rogers* v. *Bradshaw*, 20 Johns. 742; *Comm.* v. *Wilkinson*, 16 Pick. 175; *Benedict* v. *Gait*, 3 Barb. 468; *Walker* v. *Caywood*, 31 N. Y. 60.)   The title acquired by the turnpike company was not such a title as it could convey for any other purposes, except for the purposes of the road, as set forth in the act of incorporation.   (*Durham* v. *Williams*, 36 Barb. 161; 37 N. Y. 253; *Rogers* v. *Bradshaw*, 20 Johns. 742; reversing *Bradshaw* v. *Rogers*, id. 102; *Seneca Road Co.* v. *The A. & R. R. Co.*, 5 Hill, 179; Laws of 1800, p. 264.)   The highway commissioners had jurisdiction over the turnpike road so far as maintaining the public right to have the road-way remain of the full width originally intended and laid out, and this jurisdiction they could neither be deprived of nor relinquish, nor could they avoid the duty and responsibility of guarding and enforcing that right.   (*Walker* v. *Caywood*, 31 N. Y. 53; Laws of 1846, p. 231, § 5; Laws of 1800, p. 264; id., chap. 121, div. 4.)   Any permanent or habit-

ual obstruction in a public street or highway is an indictable nuisance, although there be room enough left for carriages to pass. (*Davis* v. *The Mayor, etc.*, 14 N. Y. 524; *Colt* v. *The Lewiston R. R. Co.*, 136 id. 214.)

*Close & Robertson* for defendant in error. Defendant, under the conveyance and release of the turnpike road, became the owner in fee of so much thereof as was taken by defendant in the construction of its road, and conveyed to it by said turnpike company. (Act passed April 7, 1800; *Estes* v. *Kelsey*, 8 Wend. 559–560.) Defendant was only required to restore the highway, as near as may be, to its former state, so as not unnecessarily to impair its usefulness and to the satisfaction of the commissioners of highways. (Laws of 1846, § 5, chap. 195.)

ANDREWS, Ch. J. We concur in the opinion of the General Term that the liability of the defendant, as presented to the jury in the charge, was erroneously made to depend upon the question whether the bridge obstructed or hindered the enjoyment of the highway by the public, independently of the further question whether the company in the exercise of the right to construct its road across the highway had, in compliance with the requirements of its charter (Laws of 1846, chap. 195, § 5), restored "the highway, as near as may be, to its former state so as not unnecessarily to impair its usefulness." The court charged that if the bridge obstructed or hindered the enjoyment of the public in the highway, it was a nuisance, and the defendant was guilty under the indictment, and further that the question to be passed upon by the jury, was whether the bridge is so constructed " as not to impair the usefulness of the road, and to interfere with the enjoyment or safety of the public in their right to travel upon the road." The exception to the charge, although somewhat informal and inexact, fairly construed, raises, we think, the point whether the charge was correct in the particular mentioned. The highway, when the defendant's road was constructed, and until 1868, was owned

by a turnpike company. The turnpike company was chartered by special act of the legislature, passed April 7, 1800, "for improving the road from Eastchester to Byram," which before the charter seems to have been an existing highway, and the charter contained a provision that where a bridge or bridges are necessary, such bridge or bridges shall not be less than twenty feet wide. This doubtless primarily referred to bridges over streams, railroads not being in use at that early period, but the provision seems to indicate that in the opinion of the legislature, it might not be necessary that bridges should be as wide as other parts of the highway. The defendant constructed its road across the highway in question about twenty feet below the surface, and thus rendered the building of a bridge necessary. The first bridge was built prior to 1850, and was about sixteen feet wide. This was replaced by a new bridge built in 1852 or 1853 about nineteen and one-half feet wide, and the second bridge was used for about twenty-six years until 1879, when it was in turn replaced by the present bridge which is twenty-four feet wide, with a roadway of twenty-two and one-half feet in width, which corresponds substantially with the width of the beaten track of the highway. All the bridges were built by the defendant. The construction and dimensions of the first two bridges were, as the evidence tends to show, approved by the turnpike company. The present bridge was built after the rights of the turnpike company had been extinguished and the road had become an ordinary highway. No question arises in this case as to the construction of that clause in the fifth section of the defendant's charter, which requires a highway crossed by a railroad to be restored to the satisfaction of the commissioners of highways of the town.

The construction of defendant's railroad across the highway was authorized by law. This method of crossing below the highway, was manifestly much safer than if the crossing had been on grade. While the right of the defendant to cross below grade is not disputed, it is claimed in behalf of the people that the duty of restoration imposed by the de-

fendant's charter, could only be performed by constructing the bridge of the width of four rods, that being the width of the highway. We think this construction cannot be maintained. It is not usual to construct bridges on country roads of the full width of the highway. The construction by a railroad of a bridge of less width than the highway, is not, we think, *per se*, a nuisance. It would depend on circumstances. It might in some places be necessary that a bridge should be of the full width of the highway, while in the other locations it would be quite unnecessary. The location of the bridge, whether in or near a city or village, or in a populous district, the extent of use of the highway, the expense of the work, and other circumstances may properly be considered in deciding the question whether the duty of the railroad company has been discharged. So also a bridge, adequate when built, may by the growth of population, become inadequate for the public accommodation. The question would then be presented, whether the duty would not be enlarged *pari passu* with the public necessity. But for the decision of this case it is sufficient to say that in our judgment the trial judge omitted to accompany his instructions to the jury with the proper qualifications. He should have submitted it to them to find upon all the circumstances whether the defendant unnecessarily impaired the usefulness of the highway by the manner of constructing the bridge. That a railroad crossing will to some extent, impair the usefulness of a highway, is implied in the language of the statute.

We think the order should be affirmed.

All concur, except TRACY, J., absent.

Order affirmed.