The Detroit & Birmingham Plank Road Company v. The Detroit Citizens' Street Railway Company et al.

*Injunction—Contempt—Street railways.*

1. Where, in contempt proceedings for the alleged violation of an injunction, the injunction is not made a part of the record, it will not be assumed to have been broader than the prayer of the bill.

2. An injunction restraining a street-railway company from entering upon a street occupied by a plank-road company for the

purpose of constructing an electric railway track or incumbrance of any kind upon said street, or in any way preparing to lay such track, cannot be said to cover the operation or repair of a track theretofore built and used, although repairs in paving the street had required the temporary removal of a portion of the track.

Complainant applied for a *mandamus* to compel Judge Frazer, of the Wayne circuit, to vacate an order dissolving a temporary injunction obtained against defendants. An order to show cause was granted October 25, 1891, together with a restraining order pending the hearing on the application. Relator subsequently applied for an order of contempt for the violation of said restraining order. Argued November 24, 1893. Respondents discharged upon the hearing.

*Frank B. Leland,* for relator.

*Russel & Campbell,* for respondents.

PER CURIAM. The order heretofore made in this cause, for an alleged violation of which an order to show cause has been issued, if not in terms a continuation of the injunction as originally issued, was substantially so. As that injunction is not made a part of the record, we cannot assume that it was broader than the prayer of the bill. The petition in this cause alleges that it followed such prayer. The prayer asks that "an injunction issue restraining the defendants from entering upon said road for the purpose of constructing an electric railway track or incumbrance of any kind upon said road, or in any way preparing to lay such track."

If, as contended by the relator, this should be construed to apply to the entire line of road, it cannot be said to cover the operation or repair of a track heretofore built and used, although repairs in paving the street had required the temporary removal of a portion of the same. We

think that respondents were justified in so construing it, and that the acts complained of were in replacing the track temporarily removed, and not in constructing, or preparing to construct, a new road in a place not heretofore occupied by said road.

We therefore conclude and adjudge that the defendants were not in contempt as alleged, and they are hereby discharged, with their costs to be taxed.