PEOPLE v. D'ANTONIO.

(Supreme Court, Appellate Division, First Department. April 4, 1912.)

1. CRIMINAL LAW (§ 33*)—INTENT—ACTS PROHIBITED BY STATUTE—MALA PROHIBITA.

Criminal intent forms no part or element of acts mala prohibita, and hence an act malum prohibitum is not excused by ignorance or mistake of fact; the criminality of such acts consisting solely in the fact that they are prohibited.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 38; Dec. Dig. § 33.*]

2. INTOXICATING LIQUORS (§ 142*)—REGULATIONS—SCREENS AND OBSTRUCTIONS OF VIEW.

Liquor Tax Law (Consol. Laws 1909, c. 34) § 30, subd. H, makes it unlawful to have any screen or obstruction during the hours when the sale of liquor is forbidden, so as to prevent a full view from the outside of a barroom. Section 35 makes any person engaged in the sale of liquor subject to a penalty for violation. Section 36, subd. 5, makes a violation of the act a misdemeanor. In the absence of defendant and without his knowledge his employé obstructed the view to defendant's barroom on Sunday, when the sale of liquors was forbidden. *Held*, that the law covered acts done irrespective of intent, and hence defendant was liable.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 152; Dec. Dig. § 142.*]

3. CRIMINAL LAW (§ 20*)—ELEMENTS OF CRIME—INTENT.

It is the general rule that one cannot be convicted of crime without proving a criminal intent.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 21, 24, 25; Dec. Dig. § 20.*]

Appeal from Court of Special Sessions of City of New York.

Vincenzo D'Antonio was convicted of a misdemeanor, and he appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

William S. Gordon, for appellant.
Robert S. Johnstone, for the People.

McLAUGHLIN, J. The defendant appeals from a judgment of the Court of Special Sessions of the City of New York convicting him of a misdemeanor for which he was sentenced to pay a fine of $10 or in default thereof be imprisoned two days in the city prison. The crime charged, and for which he was convicted, consisted in violating subdivision H, section 30, of the Liquor Tax Law (Consol. Laws 1909, c. 34). This statute provides, among other things, that:

It shall not be lawful of any person "to have during the hours when the sale of liquors is forbidden, any screen or blinds, or any curtain or article or thing covering any part of any window; or to have in, near to, or back of any window or door any opaque or colored glass or article or thing that obstructs or in any way prevents a person passing from having a full view from the sidewalk, alley, or road in front of, or from the side or end of the building, of the bar and room or any part of such bar and room where liquors are sold or kept for sale; or to traffic in liquors in any interior bar or room or place not having in the principal door of entrance to such room or bar a section of such door fitted with clear glass through which during prohibited hours and times, a clear unobstructed view of the bar and room where liquors are sold and kept for sale can be had. And it shall be unlawful to have at any time in the room where liquors are sold any inclosed box or stall or any obstruction which prevents a full view of the entire room by every person present therein."

Section 35 of the same law provides that any person engaged in the traffic of liquors shall, on conviction of a violation of any of the provisions of the act, be liable for and suffer the penalty imposed therein; and subdivision 5 of section 36 provides that a person who

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

violates any provision of the act, unless a different punishment is prescribed, is guilty of a misdemeanor.

The defendant, at and for some time prior to his conviction, was the owner and proprietor of a liquor saloon located at No. 86 Chrystie street in the city of New York. He was the licensee of the premises and the holder of a liquor tax certificate entitling him to traffic in liquors therein. In front of the saloon there was one window and one door, in which there was a pane of glass. On Sunday, September 4, 1910, a police officer of the city inspected the place and found there was behind the window a panel made partly of glass and partly of wood, which was so constructed that it could be opened, but on the day in question it was closed in such a way that it prevented a full view of the barroom through the window; that inside the barroom itself there was a temporary partition which was not there on the preceding Saturday, which partition extended from the floor to the ceiling and across the room and prevented a portion of the barroom being seen through the door or window from the street. These facts were not disputed at the trial, nor was it there claimed, or on the argument of the appeal, that the obstructions in front of the window and the partition in the room did not constitute a violation of the statute. It could not well have been so claimed because the obstructions and partition referred to came within the prohibited acts. The appellant, however, urges that the conviction ought not to be permitted to stand because he had no knowledge that the statute was being violated; that at the time of the violation he was in the state of California, having been absent from the state of New York several days prior thereto; that when he left the state of New York he placed one Salvatore in charge of the saloon as his workman and expected he would obey the law. Salvatore was not sworn, and the only testimony to the effect that the defendant did not know of the obstructions or partition was that given by himself, and, as appears from the record, the justices before whom he was tried did not believe him.

[1] But irrespective of whether or not he knew of the obstructions and partition, I think he was properly convicted. He was the one who was authorized to traffic in liquors in the saloon. He was the one who was made responsible for the conditions in the barroom, and the statute absolutely prohibited on Sunday any obstructions being placed in front of the window or in the room itself, so that a view could not be obtained of the entire room from the street. A conviction under this statute does not depend upon proof of a criminal intent, but simply of a violation. There is a well-recognized distinction between acts mala in se and mala prohibita. Under the latter it is well settled that criminal intent forms no part or element of the offense. This distinction was pointed out in People v. Werner, 174 N. Y. 132, 66 N. E. 667; the court saying:

"The law on this subject seems to be that an act malum prohibitum is not excused by ignorance or a mistake of fact when a specific act is made by law indictable, irrespective of the defendant's motive or intent. * * * The general rule that the criminal intention is the essence of crime does not apply to such prohibited acts."

Also, in People v. West, 106 N. Y. 293, 12 N. E. 610, 60 Am. Rep. 452, where the court said:

"It is the province of the Legislature to determine in the interest of the public what shall be permitted or forbidden and the statutes contain very many instances of acts prohibited, the criminality of which consists solely in the fact that they are prohibited and not at all in their intrinsic quality."

In Commonwealth v. Kelley, 140 Mass. 441, 5 N. E. 834, a conviction was affirmed, and the facts are quite similar to those here under consideration. There, the defendant was the proprietor of a liquor store and licensed to sell intoxicating liquors on the premises. The statute prohibited the having of any screen, blind, shutter, curtain, or partition placed in such a way as to interfere with a view of the interior of the premises. The defendant was charged with a violation thereof in that the prohibited conditions existed on Sunday. The fact was not disputed that on the day referred to there was upon the windows and doors of the store curtains which entirely obstructed a view of the interior of the premises; that no person was in the store on that day; that the defendant left the store on the preceding Saturday evening at 11 o'clock, leaving his bartender in charge, and did not visit the place again until the following Monday; that the bartender on Saturday evening, between 11 and 12 o'clock, closed the curtains while he was counting some money and left the premises before midnight, forgetting to draw the curtains back, and they thus remained during Sunday. The defendant testified, and he was corroborated by his bartender, that the bartender had been instructed, and it was a standing rule, that the curtains should not be drawn, and at all times the premises should be so kept that a view of the interior thereof, and the business carried on therein, should be unobstructed. The trial judge was asked to instruct the jury if they believed the illegal act was done by the bartender without the knowledge of the defendant, and in opposition to his will, and in no way participated in, approved of, or countenanced by him, then the defendant ought to be acquitted. This request was refused, the court instructing the jury, if they found the illegal act was committed by a person whom the defendant had left in charge of the premises, then the defendant should be found guilty, and it was no defense that the illegal act was committed without the knowledge and consent of the defendant, and against his express instructions. The defendant was convicted, and on appeal the conviction was affirmed; the court saying:

"We think that the ruling and instructions were correct. The provision of the statute relates to the use and management of licensed premises, and its express intent is to secure an unobstructed view of their interior at all times by persons outside."

And to the same effect is People v. Roby, 52 Mich. 577, 18 N. W. 365, 50 Am. Rep. 270.

[2, 3] There is no doubt about the general rule that one cannot be convicted of a crime without proving a criminal intent; but this rule has its exceptions. Statutes which are in their nature police regulations, as the one here under consideration is, impose criminal penalties,

irrespective of any intent and obviously for the purpose of requiring a degree of diligence for the protection of the public against violations. This statute forbids one holding a liquor tax certificate similar to the one held by the defendant to do, or permit to be done, certain prohibited acts, and by fair intendment this includes acts done in the use of the premises in carrying on the business, whether done by the licensee in person or by his agent left by him in charge and management of the business during his absence.

In reaching this conclusion I have not overlooked People v. Utter, 44 Barb. 170, which supports the appellant's contention. The statute there was somewhat different, but the reason assigned for reversing the judgment of conviction is undoubtedly here applicable. I think the court there failed to consider the effect to be given to acts which are made, by statute, mala prohibita, and for that reason the authority ought not to be followed.

The other authority cited (Cullinan v. Burkard, 93 App. Div. 31, 86 N. Y. Supp. 1003) is not in point. That was an action to recover the penalty on a bond.

The manifest purpose of the statute is to impose upon the holder of a liquor tax certificate, the one in whose interest the business is carried on, the absolute duty of keeping such premises in the manner pointed out by the statute, and if they are not so kept, then he is responsible, and cannot escape liability by showing that he was ignorant of the fact, or that his employé caused the unlawful conditions without his knowledge or consent.

The judgment appealed from is therefore affirmed. All concur.