(153 App. Div. 541.)

PEOPLE v. WEINER.

(Supreme Court, Appellate Division, Third Department. November 13, 1912.)

INTOXICATING LIQUORS (§ 162*)—OFFENSES—SOLICITING ORDERS IN LOCAL OPTION TERRITORY.

    A licensed liquor dealer, who, by letter to one residing in a no license district, sought orders, is not guilty of a violation of Liquor Tax Law (Consol. Laws 1909, c. 34) § 30, subd. K, providing that it shall be a misdemeanor to solicit or procure, in a town in which licenses are prohibited, any order to deliver or send to another any liquor, where the person for whom such liquor was procured resides in any such town.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 178; Dec. Dig. § 162.*]

    Kellogg and Lyon, JJ., dissenting.

Appeal from Delaware County Court.

Isaac N. Weiner was convicted of violating the Liquor Tax Law, and he appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

William D. Brinnier (C. L. Andrus, of Kingston, of counsel), for appellant.

L. F. Raymond, Dist. Atty., of Franklin, for the People.

SMITH, P. J. Defendant has been convicted of violating subdivision K of section 30 of the Liquor Tax Law, in soliciting an order to deliver liquor in a town in which a liquor tax certificate is prohibited, commonly called a "no license" town. Defendant is a wholesale liquor dealer in the city of Kingston, in Ulster county. Upon the 5th day of March, 1910, one J. D. Frisbee, of the town of Andes, in Delaware county, which was a no license town within the provisions of the Liquor Tax Law, received a letter, signed with defendant's name, soliciting an order for the sale and delivery of whisky,

which said order was received by the said defendant thereafter, and pursuant thereto a gallon of whisky was sold and delivered. The delivery of the whisky was within the county of Ulster, and is not included in the charge here made. Subdivision K of section 30 of the Liquor Tax Law, under which the defendant was prosecuted, reads as follows:

"To solicit, accept, or procure in a town in which a liquor tax certificate is prohibited under questions 1, 2, and 4 of section 13, of this chapter, as the result of a vote on 'Questions submitted,' an order to deliver or send to another, or for another, liquor in any quantity, where the person for whom such liquor is procured, resides in any such town."

Without considering the question whether the writing of a letter is the solicitation of an order within the town to which a letter is sent, or whether the defendant is liable for the acts of his employé without his consent, or even against his prohibition, as I view it, the learned court below has misread this statute. The prohibition in the statute is from soliciting or accepting an order "to deliver or send *to another, or for another,* liquor in any quantity." The word "another" cannot be used in contradistinction from the seller. It is not conceivable that a liquor seller would solicit an order for liquor for himself, or to be delivered to himself. The use of the word "another," therefore, in the statute is evidently in contradistinction to the purchaser, or person from whom the order is solicited. That this is the proper construction of the statute is emphasized by the last phrase in the subdivision, "where the person *for whom such order is procured* resides in any such town." This clearly indicates that it is not the purchaser who purchases for himself, the solicitation of whose order is made criminal, but the purchaser who purchases for another. If the soliciting of all orders for the purchasing of liquor in a no license town were intended to be included in the prohibition, such prohibition could be expressed in language much simpler; and the court should not be called upon to find such a prohibition in language which has for its natural interpretation a soliciting of an order from one to purchase for another than the purchaser.

The interpretation is not an unreasonable one, in view of the objects presumably sought to be accomplished. We may assume that in a no license town all devices which ingenuity can suggest may be adopted to evade the statute. In social clubs it is a practice, sometimes adopted where no license is taken out, for liquor to be purchased by the steward for the different members of the club; the steward acting as the agent of the different members. It may fairly be conjectured that in a no license town this same method might be adopted, the saloonkeeper thus acting as the agent of the persons for whom he purchases liquor; and the delivery to these persons of their liquor, either in bulk, or, from time to time, in smaller quantities, would not be within the direct prohibition of the statute. It would seem to be at such practice that this statute was aimed, prohibiting the soliciting or acceptance of an order from one who is, in fact, trafficking in liquors, but evading the penalties of the statute by purchasing as agent for his various customers. But whatever may

have been the mischief aimed at, or may have been the purpose of the statute, the meaning of the words used must be forced, in order to bring therewithin the act of soliciting an order from the person in a no license town for liquor for personal use. Such solicitation, as I read the statute, is not included within its prohibition, and the judgment of conviction should therefore be reversed.

Judgment of conviction reversed and indictment dismissed.

BETTS, J., concurs with HOUGHTON, J. KELLOGG, J., dissenting in opinion in which LYON, J., concurs.

HOUGHTON, J. (concurring). I agree to a reversal of the judgment of conviction herein, but only on the ground that the defendant personally, or through his servants, committed no act which constituted a crime, within the meaning of subdivision K of section 30 of the Liquor Tax Law.

If the sending of a circular letter from Kingston, in Ulster county, to a resident of the town of Andes, a no license town, in Delaware county, announcing intoxicating liquors for sale and soliciting the purchase thereof, and accepting at Kingston an order therefor, constituted a crime, then I think such crime could be committed by the defendant through a servant acting in his behalf in the course of the defendant's business of selling liquor.

The Legislature has the right to regulate the sale of intoxicating liquor; and an individual may voluntarily engage in such business if he chooses, and, having chosen so to do, is responsible, even criminally, for such violations of the statute as may occur in the course of his business, either through himself or his servant, because, the prohibited thing having been done, the intent with which it was done is wholly immaterial. One who carries on a business which is subject to statutory regulation is held accountable for any violation of the provisions of the statute in the conduct of such business, without regard to his knowledge of or consent to such violation. 2 McClain on Crim. Law, § 1237.

It is upon such principle that the defendant was held criminally liable for the sale of intoxicating liquor to a minor, whom he believed over 18 years of age, in People v. Werner, 174 N. Y. 132, 66 N. E. 667, and criminally responsible because his servant, contrary to his knowledge and directions, screened the windows of his saloon, in People v. D'Antonio, 150 App. Div. 109, 134 N. Y. Supp. 657.

It was no defense to the defendant, therefore, that his servant, in the course of his business, committed the act complained of, even though such acts were without his knowledge and against his express direction.

I do not think, however, that a circular letter praising the goods which the defendant had for sale and soliciting orders therefor, sent from defendant's place of business at Kingston to a resident of the town of Andes, in the county of Delaware, which town had voted no license, constituted the crime of soliciting an order for intoxicating liquors, within the meaning of subdivision K of section 30 of the

Liquor Tax Law. What the Legislature intended by the enactment of that section, it seems to me, was to prohibit a personal canvass in a town which had voted no license, soliciting the purchase of intoxicating liquors. The circulars were mailed at Kingston. In one sense the act was entirely complete on mailing, and that act took place in the county of Ulster.

It is of no moment that a second circular was mailed. If there was any criminal solicitation, within the meaning of the statute, the crime was committed when the first circular was mailed; and it did not make it any worse crime, or any more of a crime, to send a second circular of the same description, or even a more urgent one. If it was a crime for the defendant to send his circular to a resident of the town of Andes, it would equally be a crime for any of the large grocery establishments, for an example, like Park & Tilford, to send its catalogue containing price list of liquors for sale to any resident of that town. Merchants advertise in newspapers and magazines for the purpose of obtaining business, and many of them solicit mail orders through such advertisements.

The degree or urgency of the solicitation not being important, and a mere solicitation being enough to constitute the crime, if the defendant violated the statute in mailing his circular, then liquor dealers who advertise in newspapers and periodicals that they have liquors for sale, and solicit mail orders therefor, would be equally guilty, provided the periodicals in which their advertisements appear circulate in towns which have voted no license.

I cannot believe the Legislature intended to make such act a crime; and I therefore think the defendant committed no crime, within the meaning of the law, and that the judgment should be reversed.

KELLOGG, J. (dissenting). The jury were justified in determining that the defendant, at Kingston, mailed to Frisbee, at Andes, a dry town, a circular letter with Frisbee's name written in it, with the defendant's signature attached to it by a rubber stamp. The letter was an earnest solicitation for an order, and called attention particularly to the fact that the package would be without marks, so that it would not be known that liquor was being received; and the advertising matter accompanying the letter showed that all packages of liquors were sent by the defendant by express, charges prepaid. The letter contained net price lists, with a blank form order to be filled out by the proposed purchaser and an envelope for return reply, addressed to the defendant. Instead of going personally into the town of Andes, the defendant used the mail as his agent for obtaining the order and the express company as his paid agent for delivering the liquors. The defendant's action enabled Frisbee to purchase and receive in the town, and without leaving the town, all the liquors he wanted by simply using the addressed envelope and blank order and remitting the price. It is difficult to see why the defendant did not solicit the order at Andes and deliver the goods there, and how his action could have been more obnoxious to the spirit of the law if he had personally been in the town, solicited the order, and delivered

the liquor. The mail and the express company were used by him as his instrumentalities in making the sale.

The object of the statute in question (section 30, Liquor Tax Law, subdivision K, and the accompanying subdivision) is to prevent the sale of liquors in a dry town. The section provides, in substance, at subdivision J, that it shall not be lawful for any person to sell liquor in any quantity in such a town, with a proviso which is unimportant here. Subdivision K, in substance, provides that it shall not be lawful for any person to solicit in a dry town an order to deliver or send to another, or for another, liquor, where the person for whom such liquor is procured resides in such town. It seems plain that the declaration that it is unlawful for any person to solicit an order to deliver or to send to another is general language intended to cover every person. The statute should be given a fair interpretation, in order to carry out its obvious purpose and intent.

I favor an affirmance of the judgment.