## COUNTY COURT—OTSEGO COUNTY,

### July 8, 1913.

# THE PEOPLE v. WILLIAM PITT.

### (142 Supp. 873.)

(1.) EVIDENCE—PAROL EVIDENCE—MATTERS NOT INCLUDED IN LEASE.

Where a written lease of a farm contains no provision concerning the hay on the premises at the time possession is delivered, parol evidence is admissible to show an oral agreement that the lessee could use the hay, but must leave an equal amount at the termination of the lease.

(2.) LANDLORD AND TENANT (§ 322)—CONSTRUCTION OF LEASE—IMPLIED COVENANTS.

Where a farm lease, providing for an equal division of the products, specified that all teams used on the farm should be fed from the undivided products, and required the lessor to furnish 12 cows, but made no provision as to their feed, the cows are to be fed from the undivided hay, and not from the lessor's share.

(3.) LARCENY (§ 3)—INTENT—CLAIM OF RIGHT.

Where the lessor of a farm, under the advice of counsel, took away, at the termination of the lease against the lessor's objection, a load of hay in the daytime and without any attempt to secrete it, and the right to the hay was disputed, the criminal intent necessary to support a conviction for petit larceny is lacking, especially in view of Penal Law (Consol. Laws 1909, c. 40) § 1306, providing that it is a sufficient defense to larceny that the property was appropriated openly under a claim of title made in good faith.

(4.) CRIMINAL LAW—PROVINCE OF COURT AND JURY—ELEMENTS OF OFFENSE—INTENT.

Criminal intent is usually for the jury on all the facts and circumstances in the case, but where there are no circumstances which indicate a criminal intent, or where the circumstances proved are consistent with innocence, a conviction will be reversed.

APPEAL from Court of Special Sessions.

William Pitt was convicted of petit larceny in the Court of Special Sessions, and appeals.  Reversed.

*James Ferris*, of East Worcester, for appellant.
*Orange L. Van Horne*, Dist. Atty., of Cooperstown, for the People.

A. L. KELLOGG, J.  This is an appeal by the defendant, William Pitt, from a judgment of a Court of Special Sessions held in and for the town of Roseboom, in this county, entered on the 20th day of March, 1913, upon the verdict of a jury convicting the defendant of the crime of petit larceny.

It appears that the defendant occupied the farm of Geo. A. Hoose from about the 16th day of March, 1908, until the 17th day of March, 1913, pursuant to a lease in writing, which provided, among other things, that the term of the lease should be for one year, and for such longer period of time as the parties might agree.  The lease was thus continued apparently by common consent until the period of time last above mentioned.  It was provided in the lease that each party should have one-half of all the crops and products of the farm, and that all of the teams used in working the farm should be fed from the undivided products, including the hay.  It was also provided that Hoose must furnish 12 cows, but the lease is silent as to whether or not the same were to be fed from the undivided hay.

It is contended by Hoose that at the time the defendant took possession of the farm there were 14 tons of hay in the barn on the demised premises, and that he permitted the defendant to use this hay pursuant to an agreement with him, that he would leave the same quantity at the expiration of the term.

It is argued in behalf of the appellant that the admission of

evidence of this alleged oral agreement as regards the hay was error, which in itself calls for reversal, for the reason that it, in effect, tended to vary the terms of the written lease. As the lease makes no mention of the hay which belonged to Hoose, I think the testimony in question was both proper and competent. There is evidence from which it may fairly be found that there was not as much hay remaining in the barn on the said premises at the expiration of the term as there was when the defendant took possession. It is claimed, however, by the defendant, that, acting under the advice of counsel, he took a load of hay from said premises in the daytime, although forbidden so to do, upon the theory that during his term of five years, which he occupied said farm under said lease, he had fed the 12 cows which it was provided that Hoose must furnish, out of all the hay produced on the farm; that, as one-half of this hay belonged to him each year, he had the right to offset the hay so fed against the 14 tons which Hoose allowed him to use; and that, therefore, Hoose was really indebted to him for hay, instead of Hoose being entitled to have hay left over to the extent of at least 14 tons.

It is also contended by the defendant that there was no evidence here showing that the hay so taken was grown on the Hoose farm, or that it was worth anything.

Under the terms of the lease, Hoose having been required to furnish 12 cows, although the lease is silent as to their being fed from hay produced on the farm, the defendant having had the benefit of one-half of their products during the term, I am of the opinion that Hoose was entitled to have the same fed from the undivided hay. There is evidence enough in the case from which the jury were justified in finding that the defendant not only took the hay from this farm, but that it was worth the sum of fourteen dollars per ton.

Thus, under such a construction of the lease, and the evidence

as adduced upon the trial, the defendant was doubtlessly guilty of conversion, and he wrongfully and unlawfully took hay which belonged to Hoose, and in violation of the terms of his agreement with him, but there is a lack of sufficient evidence here showing that the hay was taken by the defendant with felonious intent. The defendant may have been and possibly was a willing victim to act as he did under the advice of counsel, but it appears that he took the hay in the daytime under a claim of title, without apparent intent to secrete it, through the village of Roseboom, and over the road between South Valley and Pleasant Brook.

It is elementary that, before the defendant can be convicted of the crime of petit larceny, intent to commit such crime must be shown. It is true that intent may be presumed from his acts, and that he may be said to intend the necessary consequences of the same, but the evidence here is lacking to show intent to commit the crime of larceny. Whether the criminal intent existed in the mind of a person accused of crime at the time of the commission of the alleged criminal act must of necessity be inferred and found from other facts, which in their nature are the subject of specific proof, and for this reason, other constituents of the crime being proved, it must ordinarily be left to the jury to determine from all the circumstances whether the criminal intent existed. In some cases the inference is irresistible, and in others it may be, and often is, a matter of great difficulty to determine whether the accused committed the act charged with criminal purpose. But there are usually found in connection with an act done, which is charged to be criminal, attending circumstances which characterize it, and if these are absent, or the circumstances proved are consistent with innocence, a conviction cannot be safely allowed.

Proof that property was obtained and held in good faith by the party charged with stealing it will take from the case all

criminal intent. People v. Grim, 3 N. Y. Cr. R. 317, approved People ex rel. Perkins v. Moss, 187 N. Y. 420, 80 N. E. 383, 11 L. R. A. (N. S.) 528, 10 Ann. Cas. 309. The removal of property under advice and without animo furandi does not constitute larceny, and there must be proof of criminal intent which is the very essence of the crime of larceny. ' People v. Burton, 16 N. Y. Wkly. Dig. 195; People ex rel. Perkins v. Moss, 187 N. Y. 410, 80 N. E. 383, 11 L. R. A. (N. S.) 528, 10 Ann. Cas. 309; Devine v. People, 20 Hun, 98; People v. D'Antonio, 150 App. Div. 109, 134 N. Y. Supp. 657; McCourt v. People, 64 N. Y. 586; People v. Pollock, 51 Hun, 613, 4 N. Y. Supp. 297. There is a provision of the Penal Law to which reference was not made on the argument. It is provided by section 1306 of the Penal Law (Consol. Laws 1909, ch. 40) that upon an indictment for larceny it is sufficient defense that the property was appropriated openly and avowedly under a claim of title preferred in good faith, even though such claim is untenable. Although the conviction here was resultant from the verdict of a jury in a court of Special Sessions, this provision of law clearly applies thereto, and to the evidence as adduced upon the trial in this case.

I have therefore reached the conclusion that this judgment must be reversed.

Judgment of conviction reversed.