THE HOSTETTER COMPANY, Appellant, *v.* JOHN McGOWAN, Respondent.

(Appellate Term, First Department, November, 1917.)

Penalties — action to recover — trial — statutes — labels — evidence — General Business Law, § 367.

Section 367 of the General Business Law is offended if one sells from a receptacle that has been refilled even with the same liquid manufactured by the manufacturer of the original contents of the receptacle.

Where in an action to recover a penalty under the statute plaintiff makes proof that defendant sold, kept and offered for sale from a bottle bearing plaintiff's label, " Hostetter's Bitters," an article or substance other than the original contents of said bottle placed therein by plaintiff, it is error to dismiss the complaint as well as to refuse to allow a witness to identify the liquid sold to him.

Appellate Term, First Department, November, 1917.   [Vol. 101.

Appeal by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, rendered in favor of defendant.

Theodore E. Larson, for appellant.

William J. Sheils (Joseph D. Kelly, of counsel), for respondent.

Philbin, J.   The action is brought under section 367 of the General Business Law for recovery of two penalties of $100 each.   The statute contains a provision, by which, in brief, any person or corporation engaged in manufacturing, bottling or selling any article of merchandise put up for sale in any bottle with a trade-mark, label or private mark appearing thereon, may file a *facsimile* of the latter with the secretary of state, and he thereupon becomes the proprietor thereof.   It is also provided as follows: '' No person, other than such proprietor   *   *   *   shall sell, keep or offer for sale in, from, or out of, or fill, place or put into, any   *   *   *   bottle or receptacle on which any such names, labels or marks in any manner appear, and   while   *   *   *   labeled   *   *   *   or   marked, any article or substance other than the original contents placed therein by the proprietor of the label, trade-mark or other private marks thereon   *   *   *.   Each act of refilling, each sale   *   *   *   and each offering for sale shall be construed as constituting a separate and distinct violation of this act.   Any person violating any provision of this section shall forfeit to such proprietor one hundred dollars for each such violation.''

The complaint alleges the registration of its trademark and label in compliance with the statute; that the defendant was engaged in the business of selling

liquors at a certain saloon owned, conducted and controlled by him; and that on the 16th of April and 1st of May, 1917, defendant sold, kept and offered for sale from a bottle bearing plaintiff's label an article or substance other than the original contents of said bottle placed therein by plaintiff. Each alleged occasion is set up as a separate cause of action. The answer is a general denial, except that the allegations as to defendant owning and conducting the saloon are not denied. The article produced and so labelled was a stomach bitters known as Hostetter's Bitters.

On the trial the defendant put in no evidence, and the court dismissed the complaint at the close of plaintiff's case.

The testimony of three witnesses for the plaintiff showed that under the instructions of the latter they visited the saloon in question for the purpose of ascertaining if the statute was being violated in relation to plaintiff's goods. They were sold the bitters by defendant's bartender on each occasion. One of the witnesses, unknown to the bartender, placed a secret mark on the bottle on the first visit, for the double purpose of identifying it and indicating the extent to which the contents had been used. The subsequent visits to the saloon showed the bottle had been partly refilled. The witness Turner, who had about ten years' experience with plaintiff as an investigator and knew the taste of the bitters, was asked if the liquor thus sold to him was the bitters, but an objection to the question by defendant that it called for a conclusion was sustained. We think this was error, as the witness was not called upon to express merely an opinion. There is no reason why a person cannot just as positively make an identification by the sense of taste as by any other sense. The respondent claims that there was no evidence connecting the defendant with any of

Appellate Term, First Department, November, 1917.   [Vol. 101.

the sales.   The sales by the bartender were made in the prosecution of the defendant's business, and the plaintiff has a right to hold him responsible therefor. *People* v. *D'Antonio,* 150 App. Div. 109.   It is further said that the complaint was rightly dismissed because the plaintiff failed to prove the original contents of the bottle.   It is immaterial what the original contents were.   It must be evident that the plain intent of the statute is that the bottle once filled by the manufacturer shall not be filled again by any one else.   The reason for this is apparent.   The label of the manufacturer is tantamount to a representation of the quality and character of the contents of the bottle, and the standing of the article is affected in value according as the representation is made good.   It follows that the manufacturer should have every opportunity to protect his property right by having the article so represented prepared for the market under his own supervision.   It is not unlikely that replenishing a half consumed bottle with even the same liquid from another bottle put up by the manufacturer would so affect the flavor as to injure the prestige of the article. The law says you shall not sell a bottle that has been refilled.   It does not say that you shall not refill with " any article or substance other than the original contents," *except* an article precisely like the original contents.   Consequently, the statute is offended if one sells from a receptacle that has been refilled with even the same liquid manufactured by the manufacturer.   The theory that a refilling with the same article would be authorized was pronounced in *People* v. *Luhrs,* 195 N. Y. 377, as plausible, but unsound.

We think the plaintiff made out a *prima facie* case by showing that there was a sale in violation of the statute for which the defendant was responsible and that it was error to dismiss the complaint, as well as

to refuse to allow the witness to identify the liquid sold to him.

Bijur and Ordway, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.