THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RICHARD FOSTER, Appellant.

County Court, Columbia County, December 23, 1952.

*John J. Curran* for appellant.

*John N. McLaren, District Attorney,* for respondent.

CONNOR, J. On July 9, 1952, the defendant, while operating his automobile on a public highway in this county, entered a turn in the road and his steering wheel failed to negotiate the turn, with the result that he went to the opposite side of the road and was in a head-on collision with another vehicle. Thereafter, the defendant was charged with violation of subdivision 1 of section 15 of the Vehicle and Traffic Law of the State of New York, which section provides that " Every motor vehicle operated or driven upon the public highways of this state shall be provided with * * * steering mechanism in good working order and sufficient to control such vehicle at all times when the same is in use ".

No depositions were attached to the information, and the informant himself did not personally witness the events, nor was the information alleged to be upon information and belief. The defendant was not represented by counsel at the time that he was arraigned, but when the information was read to the defendant he objected to the inclusion therein of language to the effect that he did *knowingly* operate his vehicle with an inadequate steering mechanism. He further stated to the Justice that he did not know, and had no reason to know, that his steering wheel was defective. The Justice of the Peace accordingly struck from the printed language of the information the word " knowingly ", after which the defendant entered a plea of guilty.

While the statute does not specifically state that one must have knowledge of the defective condition of his steering apparatus, it is obvious that such was the legislative intent, for otherwise a person who had purchased a brand new automobile could be guilty of a violation of this statute the instant he drove it away from the garage upon the public highway.

To be guilty of a violation of this subdivision 1 of section 15 of the Vehicle and Traffic Law, one must either know that his steering apparatus is in defective condition, or it must be such a defect that in the exercise of due care one should have discovered the defect. No case has been submitted to me that so

holds, but other courts have held that this theory applies to the subdivision providing penalties for operating automobiles with defective brakes. The similarity is obvious.

I therefore conclude that when the word " knowingly " was stricken from the information, that the information became a nullity, and the judgment of conviction should be and is reversed.