David L. Malbin, J.
The defendants, both individual and corporate, are charged with a violation of subdivision 3 of section 16-c of the New York State Vehicle and Traffic Law, which reads as follows: “It shall be unlawful to transport by motor vehicle over the highways within this state any dangerous article without conspicuously marking or placarding any motor vehicle engaged in such transportation on each side and in the rear thereof with the word ‘ dangerous ’ or the common or generic name of the substance transported or its principal hazard; provided, however, that the commissioner of motor vehicles may, by regulation issued after a public hearing, prescribe with respect to any specific dangerous article the minimum quantities below which no placard shall be required.”
The defendant, Hartford Transportation Co., Inc., is a motor carrier authorized to operate in interstate commerce under authority granted by the Interstate Commerce Commission. Defendant De Santis is a driver employed by the Hartford Company to operate its tractors and trailers.
The facts were stipulated by both parties and are briefly summarized as follows; see stenographer’s minutes, page 14. *564 “ Both, the corporate and individual defendant admitted that on June 1, 1956, the individual defendant operated a tractor-trailer bearing New York Registration No. 383-784, while engaged in the course of his employment with the corporate defendant, which also owned the tractor-trailer; that the individual defendant operated the vehicle along the streets of the city of New York; that the vehicle’s cargo was 22,750 pounds of sulphuric acid; that there were no placards bearing the legend ‘ Dangerous ’ or the legend ‘ Sulphuric Acid ’ affixed to any part of the vehicle.”
It was conceded that sulphuric acid is a corrosive liquid and thus a “ dangerous article ” within the meaning of the statute, and that the weight of 22,750 pounds of corrosive liquid was sufficient to require placarding under a regulation of the Commissioner of Motor Vehicles on November 19, 1951, fixing the maximum unplacarded load at 2,500 pounds.
Defendants contend that, despite the foregoing, unless it can be shown that they knowingly violated the section in point either in that they willfully violated the statute or failed to take reasonable steps to prevent such violation, they cannot be found • guilty. The People contend that the mere failure to observe the statutory requirement that vehicles transporting dangerous articles bear appropriate placards constitutes a violation of the statute.
The defendants offered to prove that they set up a safety program of precaution specifically to insure proper placarding of dangerous cargo. They claim that a clerk in their employ, through inadvertence, started the chain of circumstances which resulted in the driver, De Santis, picking up this cargo in a sealed unmarked trailer and receiving with it a manifest bearing no indication that the cargo which he was about to transport was dangerous.
There is no argument but that the company’s procedure, if properly and accurately followed, was such as to insure complete compliance with the statute. It is their claim that the establishment of such a procedure exonerates the corporation from criminal responsibility for the accidental oversight of the clerk-employee, and that the driver, De Santis, being completely ignorant of the nature of his cargo cannot be held to criminal responsibility.
I must find both the individual and the corporate defendants guilty as charged within the exact language and purport of subdivision 3 of section 16-e of the New York State Vehicle and Traffic Law.
*565 This legislation was enacted as a direct result of the Holland Tunnel fire in 1949, the express purpose being to prevent the hazard that arises from the undisclosed presence on public highways of dangerous articles.
In a case arising out of the fatal Holland Tunnel fire, the trucker involved in the fire, Boyce Motor Lines, appeared before the United States Supreme Court seeking an interpretation of the interstate commerce regulation it was charged with having violated. The Interstate Commerce Commission Safety Regulations (U. S. Code, tit. 18, § 835) includes a regulation requiring that the driver of a vehicle transporting a dangerous article avoid congested places as far as practicable. The defendant, Boyce Motor Lines, was charged with having violated this regulation in its utilization of the Holland Tunnel. The defendant contended that there must be proof of intention to violate or proof that there was reasonable failure on the part of the company to take reasonable steps to avoid violation of the law. The court concluded that to substantiate a conviction the Government was required to prove not only that petitioner could have taken a route which was clearly more practicable and safe, but must also show knowledge that there was such a practicable and safer route. It was after this Boyce case that the New York State Legislature enacted the legislation in question and there can be no doubt that the deliberate omission of the word “ knowingly ” and the flat declaration that “It shall be unlawful to transport ’ ’, were clearly intended to eliminate the requirement of knowledge on the part of the transporter.
Defendant relies heavily upon the case of St. Johnsbury Trucking Co. v. United States (220 F. 2d 393) where the intent to violate or willfully fail to take reasonable steps to avoid violation was considered essential for conviction under the I. C. C. Regulations. But, even in that case, the concurring opinion points out, at page 398, that “If it be thought that the indicated requirement of proof [criminal intent] will seriously hamper effective enforcement of the Interstate Commerce Commission regulations, the answer is that Congress is at liberty to fix that up by striking out * * * mens rea — ‘knowingly ’ — as applied to violation of regulations of the sort here involved. That is to say that Congress could convert the offense into * * * a ‘ public welfare offense ’, requiring no element of guilty knowledge or other specific mens rea ’ ’.
The New York State Vehicle and Traffic Law follows this recommendation of Chief Judge Magruder in eliminating the prescribed element of “ mens rea” and thereby creating a *566 ‘‘ public welfare offense ’ ’ requiring . no element of guilty knowledge.
It is a well-known principle of corporation law that a corporation cannot escape criminal responsibility for the creation of a public danger through the device of delegation, nor can it fulfill its duty to comply with the law merely by the adoption of a regulation. (People ex rel. Price v. Sheffield Farms, 225 N. Y. 25; see, also, United States v. Parfait Powder Puff Co., 163 F. 2d 1008, cert, denied 332 U. S. 851; People v. Taylor, 192 N. Y. 398; People v. D’Antonio, 150 App. Div. 109.)
It would be unreasonable to assume that the Legislature intended that only drivers physically transporting cargo should bear the responsibility imposed by the State because in many instances, as in this case, the driver cannot be expected to be familiar with the chemical properties of the cargo or be able to take the necessary steps to determine the nature of a cargo. This responsibility must be borne by the corporation. Unfortunately, despite the fact that the driver was unable, on the facts of the instant case, to comply with the law he cannot be permitted to escape the responsibility specifically imposed by statute upon those who transport dangerous cargo unmarked, as required by law.
I therefore find both the defendants, Benjamin De Santis and Hartford Transportation Co., Inc., guilty as charged.