Martin Schenck, J.
This is an appeal from the conviction of the defendant in the Court of Special Sessions, Town of Berne (Pangborn, J.). The defendant was convicted of a violation of section 15 of article 3 (subd. 2, par. [a]) of the Vehicle and Traffic Law. The testimony indicates that a State Trooper observed the defendant proceeding on a public highway at night without the light which illuminates his rear license plate operating. The record shows that the defendant, upon being apprehended, *222 immediately stated that he did not know that the rear light was not operating. The point is not contested. The information against him, however, alleges that he 1 ‘ willfully ’ ’ and ‘ ‘ knowingly ’ ’ operated his car without the light in question. There is no evidence of any sort that would indicate that the defendant had any knowledge of the fact that the light was not operating, nor is there any evidence as to the length of time that the condition might have existed.
This appeal appears to involve a rather unique point of law. Neither the defendant nor the District Attorney have been able to submit any cases that bear directly upon the issue. The court is unable to find any such. It appears to me, however, that by alleging that the defendant “willfully” and “knowingly” operated his car without having the license plate light in operation, the People assumed the burden of establishing willfulness and knowledge in that connection. This they have completely failed to do. It, furthermore, seems to me that it is unreasonable to hold a defendant guilty of a “ willful ’ ’ violation of which he had neither knowledge nor reasonable opportunity to ascertain if his vehicle was in such a condition as to constitute such a violation. I would say that if it had been shown that the defendant had previously been advised that the license plate light was not working, or if witnesses had testified that it had not been working for a substantial length of time, so that in the exercise of reasonable precautions with respect to his vehicle he should have known that fact, the situation might be different. However, from all that appears here, the light may have just gone out because of the failure of the bulb or something of that nature, a matter of minutes before he was apprehended. Upon this evidence, there is no basis for the conviction, which must be set aside. I cannot agree with the District Attorney that the burden was upon the defendant to do more than prove that he did not know the light was not operating.
The philosophy of law involved herein is well stated in People v. Foster (204 Misc. 507). The facts there were somewhat different from those at hand. However, the element of the necessity of establishing scienter in cases such as this is well reasoned by Judge Connor in his opinion.
The cases cited in the learned brief submitted on behalf of the People do not impress me as being in point. I agree that the “ degree of diligence ” required by People v. D’Antonio (150 App. Div. 109, 113) must be exercised by a defendant. That theory would be applicable to improper brakes that must have seemed faulty to the driver of a vehicle in the regular operation of his automobile. But how does one know when a tail light *223 suddenly goes outl The charge that this defendant “ willfully ” and 1 ‘ knowingly ’ ’ operated his car without a proper tail light simply has not been proven. In a case involving bad brakes, tests could establish that the driver did know or should have known of the dangerous situation and resultant violation of law. That situation would fit the People’s argument that the burden of establishing an excuse for the violation is upon the defendant. The facts at hand do not. The conviction of this defendant is reversed, the information dismissed, and the fine ordered remitted.