Morris Weinfeld, M.
On March 28, 1961, the complainant, Ervin Palmer, delivered his dog to an establishment operated under the corporate name of Poodles by Dana, Inc., at 78th Street and Second Avenue, in the City, County and State of New York, for washing and cleaning.
It appears that there was negligence by an employee of this corporation in grooming complainant’s dog, but there is no evidence that defendant personally ministered to the animal or personally contributed to the injuries apparently suffered when drying apparatus was unduly left unattended, causing burns and regrettable injuries.
Apparently, criminal liability is sought to be imputed to defendant for the reason that she is an officer of the corporation referred to and serves it in a supervisory capacity.
No charge is made against the corporate owner of the establishment, although a corporation, under modern concepts, is criminally answerable for both acts of nonfeasance and misfeasance. (New York Cent. R. R. v. United States, 212 U. S. 481; People v. New York, New Haven Hartford R. R. Co., 89 N. Y. 266; People v. Star Co., 135 App. Div. 517; People v. Dunbar Contr. Co., 165 App. Div. 59, affd. 215 N. Y. 416.) The *1068 cited authorities establish that a corporation may commit a crime where a specific intent or mental state is a necessary element. That is also the law in most foreign jurisdictions (see Louisville & Nashville R. R. Co. v. State, 3 Head [40 Tenn.] 523; Love v. Nashville Agric. Inst., 146 Tenn. 550; State v. Pennsylvania R. R. Co., 84 N. J. L. 550; Telegram Newspaper Co. v. Commonwealth, 172 Mass. 294; Detroit & Birmingham Plank Rd. Co., v. Detroit Citizens St. Ry. Co., 97 Mich. 583).
The summons herein stems from the alleged violation of section 185 of the Penal Law, which prescribes as a misdemeanor certain specified maltreatment of animals.
The pivotal inquires here relate to whether the acts of other corporate employees may be charged to defendant, for the reason that she acted in a supervisory capacity; and whether willful intent is an essential ingredient or element before criminal liability may attach.
There are limited areas where a crime may be charged to a corporate director, and a presumption of knowledge is charged to a director, even though actual knowledge be lacking (Penal Law, § 667), but such conditions do not here obtain.
It is noteworthy that in the provisions of law applicable to injuries administered to human beings, willfulness or intent are necessary elements of the crime. See, i.e., the assault provisions of the Penal Law (§§ 240-244); homicide (§§ 1044-1052); hazing (§ 1030); endangering life or health of child (§ 483); maiming (§ 1400); abortion (§ 80).
One who aids or abets in the commission of a crime may be cast in the role of a principal under section 2 of the Penal Law, but here, again, intent is a prerequisite under the statutory definition.
It is ordinarily true that it is within the competence of the Legislature to declare an act criminal regardless of the intent of the actor, but the power to eliminate mental intent or consciousness of wrongdoing is valid when applied to situations and laws respecting intoxicants, narcotics, the sale of adulterated food, the maintenance of nuisances, and safety, health and welfare laws (“ safety ’ ’ relates to facts other than embraced within the confines of the situation here), discrimination, and other like situations not involving an isolated act of negligence without involving immorality. (Armour Packing Co. v. United States, 153 F. 1, affd. 209 U. S. 56; City of New York v. Hewitt, 91 App. Div. 445; People v. D’Antonio, 150 App. Div. 109; People ex rel. Price v. Sheffield Farms-Slawson-Decker Co., 225 N. Y. 25.)
*1069 While the court entertains deep affection for our canine companions, and regrets the canicular injuries referred to, it must reject any argument or inference that the law exacts a higher degree of care in the treatment of animals than it does in the treatment of human beings.
My conclusion that defendant is without criminal liability here finds support in apposition decisions. In People ex rel. Freel v. Downs (136 N. Y. S. 440, 446) the court noted that: “ So far as the defendant Smith is concerned, I am not satisfied that he has been guilty of any willful infliction of unavoidable pain, or that he criminally intended to visit pain on these turtles in their transportation from ship to warehouse, and therefore I must dismiss the complaint which treats with that matter.”
In People v. Koogan (256 App. Div. 1078) the court, in affirming a conviction, emphasized the personal knowledge of defendant of the infirmities of an animal, following which it was hired out. (See, also, People v. Rodriguez, 286 App. Div. 1111.) I conclude that defendant is not guilty, and the summons is dismissed.